## HARRIS v. WAMSLEY.

41  671
101  659

1. **Contract**: IMBECILITY. Mere weakness of intellect does not constitute sufficient ground for relieving a party from the hardship of his contract.

2. ————: UNCONSCIONABLE ADVANTAGE: EQUITY. Equity will interfere to set aside an agreement in which an unconscionable advantage has been taken of the imbecility of one of the parties.

*Appeal from Page Circuit Court.*

FRIDAY, DECEMBER 10.

ON the 8th day of August, 1874, the plaintiff sold and conveyed to the defendant eighty acres of land, upon which

plaintiff resided with his family, consisting of seven minor children.

On the 4th of September following, the plaintiff instituted this action to set aside the conveyance, and tendered to defendant the property and notes which he had received as consideration for the transfer. The petition alleges: "That prior to the date aforesaid, and during the period of five or six years last past, your petitioner has, from age, being now above fifty-four years of age, and disease and hereditary causes, become and continued of extremely weak mind, and sometimes bordering upon insanity, if not entirely deranged, but at all times from a weakness of the mental faculties and the almost entire loss of memory, incapable of transacting the most ordinary business without the aid and assistance of his friends and relatives, and that your petitioner was in this condition at the date aforesaid." The petition further alleges in substance, that the defendant imposed upon plaintiff by false and fraudulent representations, and procured from plaintiff an unconscionable agreement.

The court decreed that the deed be declared void and canceled. Defendant appeals.

*T. E. Clark*, for appellant.

Mere mental weakness is not sufficient to avoid a deed or contract. (3 Hill. Real Prop., 645; Story on Con., 30; 4 Kent, 452.) If the imbecility is periodical, the one seeking to avoid the contract must show his mental status at the time it was made. (*Corbitt v. Smith*, 7 Iowa, 64; Story on Con., 27.)

*W. W. Morsman*, for appellee.

Day, J.—I. The evidence, covering one hundred pages of printed abstract, is too voluminous to examine in detail, and if such a course were practicable, it would result in no benefit. The evidence is very conflicting, and, as is usual in such cases, absolute certainty that any conclusion is necessarily right, and the opposite one wrong, is not attainable.

We have examined the entire testimony with a degree of care and attention commensurate with the importance of the question involved. Whilst we may not be able to demonstrate the correctness of our conclusion, for the question with which we are dealing does not admit of demonstration, still we feel quite well satisfied that the fair preponderance of the testimony shows that plaintiff, though not insane or a lunatic, is a man of unusually weak understanding, and capable of conducting only the simplest and most ordinary business.

II. The mere weakness of plaintiff's intellect is not a sufficient ground for setting aside his contract. But we are 1. CONTRACT: convinced, from the circumstances of this case, imbecility. that an unconscionable advantage has been taken of plaintiff's imbecility, and that he has been led to make a very improvident disposition of his homestead. The plaintiff sold his eighty acres of cultivated and improved land for $1,600. In payment of this sum he was to receive a team and harness, at $230.00; one reaper and mower, at $220.00; one wagon, at $80.00; one Wheeler & Wilson sewing machine, at $80.00; one stirring plow, at $16.00; two cows and calves, at $65.00; one two year old steer, at $35.00; one two year old heifer and four yearlings, each at $20.00; and two notes, each for $387.50, secured by mortgage on the premises sold, payable in five and ten years, with interest at five per cent. for the first year, and ten per cent. thereafter. The harness and wagon were much worn, and one of the horses was blind of an eye, and the other was string-halt. The reaper had been used during the preceding harvest, and the sewing machine for one year. Each was put in at within five dollars of its cost when new. The stirring plow had been used a year, and was put in at within two dollars of its original cost. The plaintiff thus received a little more than one-half the price of his farm in personal property, the greater portion of which consisted in second-hand machinery, at almost its value when new, and the balance was to be paid in five and ten years. It is such a trade as no strong minded man would assent to, and no honest man would exact.

Vol. xli.—43

In Story's Equity Jurisprudence, section 238, it is said: "The doctrine, therefore, may be laid down as generally true,

2. ——: un- that the acts and contracts of persons who are of
conscionable
advantage. weak understandings, and who are thereby liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion that the party had not exercised a deliberate judgment, but that he has been imposed upon, circumvented or overcome by cunning or artifice or undue influence." See Story's Equity Jurisprudence, sections 234–238, and cases cited in notes.

We are satisfied with the judgment of the court below, and it is

AFFIRMED.