MARMON v. MARMON ET UX.

1. **Deed:** WEAKNESS OF GRANTOR'S INTELLECT. A deed will not be set aside because of the weakness of the grantor's intellect, unless undue advantage has been taken of such weakness in procuring its execution.

*Appeal from Greene Circuit Court.*

SATURDAY, OCTOBER 20.

ACTION in chancery to set aside a deed on the ground that, at the time of its execution, the grantor (ward of plaintiff) was

of unsound mind and incapable of making a contract of the nature of the instrument, and no consideration was paid upon its execution. The cause was tried upon written evidence taken by order of the court, and a decree rendered granting the relief prayed for in the petition. Defendants appeal. Other facts of the case appear in the opinion.

*C. H. Jackson*, for appellants.

*McDuffie & Howard*, for appellee.

BECK, J.—I. The testimony, in our opinion, does not authorize the conclusion that the ward of plaintiff, at the time of the execution of the deed, was insane. This proposition, we understand, is admitted by plaintiff's counsel. The proceedings resulting in the appointment of the guardian, on the ground of his mental unsoundness, were had after the execution of the deed.

1. DEED: weakness of grantor's intellect.

But plaintiff insists that at the date of the execution of the deed by plaintiff's ward, Stephen Marmon, and his wife, his mind is shown to have been weak and the deed was procured from him without consideration, and the defendant has not performed his agreement which was the consideration of the conveyance. Defendants insist that, as relief is claimed on the ground of the *unsoundness* of the mind of plaintiff's ward, the relief prayed for cannot be granted upon evidence showing his mental weakness and the fraudulent refusal of defendant to render the services which he agreed to perform as the consideration of the deed. The view we take of the case renders the consideration of the question of pleading thus raised unnecessary. The same may be said of a question involving the correctness of the admission in evidence of opinions of witnesses as to the soundness of the ward's mind. As plaintiff does not claim that unsoundness existed when the deed was executed, and as we are unable to find the existence at the time of that character of unsoundness which, *per se*, avoids a contract, even with the aid of the evidence objected to, its admissibility need not be considered.

II. But plaintiff insists that the testimony shows such

weakness of mind of his ward at the time he executed the deed, and unconscionable advantage taken of his imbecility, that the instrument will be set aside-in chancery under rules recognized by this court.    *Harris v. Wamsley,* 41 Iowa, 671. The evidence, it is insisted, supports this position and authorizes the following conclusions:   1. The ward of plaintiff when he executed the deed was of weak mind.   2. In the transaction the defendants, by reason of the imbecility of the ward, gained an unconscionable advantage.

The mental weakness of the ward may be admitted.    But it was not, and is not claimed to have been, of such character as that, *per se,* it rendered the deed void.    We fail to find evidence to support the claim that the transaction was so unconscionable as to require chancery to set aside the deed.

The defendant, D. G. Marmon, is the son of plaintiff's ward. His mother at the time the deed was executed was alive.    She died before the appointment of the guardian.    The testimony shows that she had great control over the business affairs of her husband, and that he habitually, therein, deferred to her. It is not claimed that she was not possessed of a mind of ordinary soundness and strength, nor that she exerted her influence over him in an undue and improper manner.    He appeared to recognize the fact that her superior ability entitled her to his confidence in the management of his business affairs.  It is not shown that he ever complained of her action and advice in these matters, or doubted her faithfulness to his interests.

The deed in question was voluntarily made by the ward, and it does not appear that the wife, who joined therein, used persuasion or undue influence over him to secure its execution. She approved of the act and in his presence expressed to the officer taking the acknowledgment the reason that influenced them to execute it, which was a desire to aid their son, who both she and her husband said was young and ought to have the land; he was their youngest son.  The land, it is true, constituted a great-part of the property of the husband, but the wife at the time of the execution of the deed declared that there was money coming to her which would afford both her and her husband a living.   Other considerations may have influenced

them, namely: The husband had children by a former marriage. The land conveyed to defendant was purchased with the proceeds of real estate owned by his mother. These facts seem to have been the basis of a motive to secure the land to defendant. The deed to him was not without consideration. He agreed to render certain services for his parents, and he has performed at least a part of them and professes a willingness to perform his contract fully. It appears that his parents were willing to rely upon his promise. The law will enforce its performance.

These considerations lead us to the conclusion that the deed to defendant is valid and ought not to be set aside. The petition of plaintiff will, therefore, be dismissed, and a decree to that effect, at the option of defendant, will be entered in this court.

REVERSED.