## GREEDY v. McGEE.

55   759
o102   56
55   759
118   195

CONVEYANCE: UNDUE INFLUENCE: EVIDENCE CONSIDERED.

*Appeal from Fremont Circuit Court.*

WEDNESDAY, APRIL 20, 1881.

IN 1875 Mrs. Mahor sold and conveyed to defendant eighty acres of land. To set aside such conveyance is the relief sought in this action. The ground upon which it is based is that Mrs. Mahor at the time of the conveyance was of unsound mind; that it was greatly to her disadvantage, and was obtained by undue influence. The plaintiff is guardian of the person and property of Mrs. Mahor, having been duly appointed such in 1878. The Circuit Court dismissed the petition and the plaintiff appeals.

*Sears & Thornell,* for appellant.

*Stockton & Taylor,* for appellee.

SEEVERS, J.—The evidence is voluminous. The abstract and amended abstract contain near one hundred and fifty pages of evidence, and it is seriously conflicting. We can only state our conclusions, and shall not attempt to support them by a reference to the evidence to any great extent. We do not believe Mrs. Mahor at the time the contract and conveyance was made was of·unsound mind. The preponderance of the evidence, however, is that she was at that time of weak intellect and not capable of transacting business of importance, but as to this the evidence is conflicting.

The question for determination, then, is whether an unconscionable advantage was taken by the defendant in making the contract and obtaining the conveyance. *Harris v. Wamsley,* 41 Iowa, 671; *Campbell v. Campbell,* 51 Id., 713.

Mrs. Mahor had been twice married. Her last husband died in 1874, and the conveyance was made in 1875. She had no children or known relatives living. Her age does not distinctly appear, but, from a circumstance or two mentioned in the evidence, we judge she is near fifty years old. She owned the eighty acres in controversy, which a preponderance of the evidence shows was worth, at the time of the conveyance, two thousand dollars. The value of her other property is not shown. We judge she did not own much property but the land. It was rented at the time of the conveyance and Mrs. Mahor was dissatisfied with the tenants.

By the terms of the contract the defendant agreed to pay seventeen hundred and sixty dollars for the real estate. Out of the purchase money he was to pay a mortgage of near three hundred dollars, which was due, and which Mrs. Mahor was apprehensive would be foreclosed and she would thereby lose the land, and he was also to pay some other small indebtedness. For the balance of the purchase money the defendant was to give his ,note payable in ten years, with six per cent interest, and secure the same by a mort-

gage on the land. In addition to the foregoing, and as a part of the contract or consideration, Mrs. Mahor was to board and make her home with the defendant, for which he was to receive a reasonable compensation. The defendant paid the mortgage and executed his note for $1462.92 and secured the same by mortgage. There is no pretense the amount of the note is not correct.

Mrs. Mahor made her home and boarded with the defendant for seventeen weeks after the conveyance was made, and then left without any just cause. At least none is disclosed by the evidence. The defendant expresses a willingness to carry out the contract on his part in good faith.

The difference between the price paid and the value of the land is not sufficient to show undue advantage was taken of Mrs. Mahor. More than one witness testifies the land was not worth as much, coupled with the provision as to boarding, as it would have been without. This evidence is uncontradicted, and seems reasonable.

The only other thing relied on by counsel is the credit given, and that no part of the principal or interest was to be paid for ten years. But when the circumstances are considered: that Mrs. Mahor had no home or known relative; that she was to live and board with the defendant, we are not prepared to say an undue advantage was taken of her. On the contrary, on the supposition the contract was to be carried out in good faith, we are impressed the arrangment was a good one. There is no evidence tending to show Mrs. Mahor was not kindly treated by the defendant or that she did not, while at his house, have a comfortable home. For aught that appears she can have it now if she will accept it and return to the house of the defendant. The sale and conveyance were made with the full consent of Mrs. Mahor; and she gave good and sufficient reasons for making it. We need not refer to the evidence in support of what has been said except to say the evidence of James A. Gray is eminently satisfactory in this respect.

It is urged the evidence in relation to boarding is inadmissible because it adds to or varies the written contract. The contract was wholly in parol. The conveyance is not the contract. It is evidence of the consummation of some contract, but is not evidence of what the contract was. *Puttman v. Haltey*, 24 Iowa, 425; *Trayer v. Reeder*, 45 Id., 272.

It is also insisted the evidence of the defendant was inadmissible because it related to personal transactions between himself and an insane person. It is sufficient to say no such objection was made until the defendant proposed to read the depositions on the trial, although they had been taken several months before that time. The objection was interposed too late. *Walton v. Riskamire*, 45 Iowa, 231.

AFFIRMED.