Ikerd *et al. v.* Beavers.

Filed May 24, 1886.

---

No. 11,661.

IKERD ET AL. *v.* BEAVERS.

CONTRACT.— *Specific Performance.— Agreement to Convey in Consideration of Support.*—The specific performance of an agreement to convey land, in consideration of care and support to be furnished the owner during his life, will not be decreed.

CONVEYANCE.— *Undue Influence.—Burden of Proof.— Contract.*—A conveyance, obtained by entreaty, importunity and persuasion from one who is aged and infirm, mentally and physically prostrated, and in a state of dependence upon the grantee, who has no claim on him except his agreement to convey in consideration of support during life, will not be upheld. The burden is on the grantee to show that it was made freely and voluntarily.

TRIAL.— *Cases of Equitable Jurisdiction.—Submission to Jury.—Harmless Error.*—Where, in a case of equitable jurisdiction, the issues are submitted to the court, but a jury is called to inform the court as to the facts merely, and they return a general verdict which the court, without objection, treats as advisory and makes its own finding, there is no available error.

PRACTICE.— *Motion for New Trial Before Finding.*—A motion for a new trial, made before the court makes its finding, presents no question.

| | |
|---|---|
| 106 | 483 |
| 126 | 260 |
| 106 | 483 |
| 128 | 135 |
| 106 | 483 |
| 134 | 145 |
| 135 | 19 |
| 135 | 242 |
| 106 | 483 |
| 141 | 258 |
| 143 | 345 |
| 106 | 483 |
| 144 | 140 |
| 144 | 164 |
| 145 | 114 |
| 106 | 483 |
| 151 | 382 |
| 151 | 386 |
| 106 | 483 |
| 155 | 426 |

From the Fountain Circuit Court.

*J. McCabe, E. F. McCabe* and *C. M. McCabe,* for appellants.

*T. F. Davidson* and *W. B. Durborrow,* for appellee.

MITCHELL, J.—This suit involved the right to eighty acres of land in Warren county. The complaint was in three paragraphs. The material facts found in the first paragraph are, that, in April, 1882, Henry J. Beavers, being seized of the land in dispute, conveyed it by deed, for a valuable consideration, to Mary J. Ikerd. It charges that afterwards Beavers obtained possession of the deed which had been previously delivered to Mrs. Ikerd, and without her consent he destroyed it, and refused to execute another in its stead, but unjustly asserted that he was the owner of the land. The prayer is that the plaintiffs' title be quieted.

The second paragraph is to all intents and purposes the same in legal effect as the first.

. A demurrer was sustained to the third paragraph, and this ruling presents one of the chief grounds of contention here. The material facts in this paragraph are presented in the following summary: In December, 1881, Ikerd and wife owned and resided upon a farm in Lawrence county. The defendant, an uncle of Mrs. Ikerd, proposed to them that if they would sell their farm, move onto the eighty-acre tract now in dispute belonging to him, and upon which he resided in Warren county, and take care of, and support him thereon during his lifetime, he would, within a reasonable time, convey it to Mrs. Ikerd. The plaintiffs accepted the proposition thus made, sold their farm, took possession of the defendant's, and entered upon the performance of their contract. They fully kept and performed their part of the agreement, for the period of one year, when the defendant repudiated the contract, abandoned the house, and refused to permit its further performance.

Plaintiffs, it is averred, still continue in possession, and have invited the defendant to return, and are ready and willing to carry out their part of the contract, which the defendant wholly repudiates.

They ask that the court compel the defendant to execute

a deed according to the agreement, and they offer to permit. the land to be charged with his support.

The inquiry is, do the facts thus presented make a case for specific performance? It is essential to the jurisdiction of a court of equity, to enforce the performance of a contract, that certain qualities should be found inherent in the contract itself. Besides being complete and definite, it must belong to a class capable of being specifically enforced, and be of a. nature that the court can decree its complete performance. against both parties without adding to its terms. The contract must be fair, just and equal in its provisions, and the circumstances must be such at the time the court is called. upon to act, that to enforce it would not operate to the oppression of the person against whom its enforcement is asked.. Moreover, it must appear that the plaintiff has no adequate. remedy at law, and that to refuse to perform the contract would be a fraud upon him.

With respect to its essential elements, the qualities of completeness, certainty and fairness, the contract set out in the complaint does not present the requisites warranting a decree. for specific performance. Courts can only proceed in cases. like this when the parties have themselves agreed upon all the material and necessary details of their bargain. If any of these are omitted, or left obscure and undefined, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not one for specific performance.

Turning to the contract as the plaintiffs allege it, we find: the extent of the agreement in respect to its most essential: feature was, that the plaintiffs should " take care of and support the defendant during his life on said farm." Whether the defendant was to choose or direct the manner in which he was to be supported, whether he was to be taken into the plaintiffs' family, and furnished with apartments there, or should be boarded and lodged by himself, with many other details, are all left to conjecture and unprovided for. In re-

spect to these most important matters, the contract is wholly incomplete and indefinite. Without supplying all its essential details, no court could so frame its decree as to afford any adequate protection to the defendant, nor can a judgment be entered which would be a final determination of the rights of all the parties. Moreover, the contract is unfair, in that it makes no provision for security to the defendant, and leaves the quality of the support to be furnished, and the manner of furnishing it, wholly in the discretion of the plaintiffs.

The plaintiffs claim that payment was to be made to them by the conveyance of the farm practically in advance. Any agreement for support for which an adequate consideration is to be or has been paid, which leaves the person to be supported wholly dependent upon, and subject to, the dictation of the person who engages to furnish the support, is, unless under some special and extraordinary circumstances, an unfair and unequal agreement. Unless such an agreement has been substantially and fully performed by both parties, it ought not, in any case, where compensation can be made, to be enforced. Such an agreement can not be said to be so fair, just and equal in its terms, as to be the subject of favor in a court of conscience. *Modisett* v. *Johnson,* 2 Blackf. 431. Parties in such a case should be remitted to their rights at law.

The contract before us, it should be observed too, is one of a class the specific performance of which will not be decreed. It is one which involves personal service of such a character, that in order to its proper execution, relations of peculiar confidence and esteem, if not affection, should prevail between the parties concerned. To undertake to enforce such a contract between parties mutually distrustful of each other, would be productive of nothing but confusion and mischief. Fry Spec. Perf. 44; Pomeroy Con., section 310.

Speaking for this court, at a very early period in its history, HOLMAN, J., said: "A covenant for service, if performed at all, must be personally performed under the eye of the master; and might, as in the case before us, require a number of

years. Such a performance, if enforced by law, would pro-
duce a state of servitude as degrading and demoralizing in its
consequences, as a state of absolute slavery." *Case of Mary
Clark*, 1 Blackf. 122. The same might be said of a case,
where one was compelled to be the involuntary recipient of
the services or support of another, under a contract such as
is here exhibited; that the services were to be performed
under the guise of administering support, might not in any
degree mitigate the condition of the recipient, nor render
his situation less irritating than if subjected to a species of
slavery. Whatever it may have been formerly in other
States, it was always the rule here, and is now well settled
everywhere, that specific performance of a contract involving
personal service, special ability, or peculiar confidence, will
not be enforced.

Without delaying further at this point, it is only needful
to say that the jurisdiction invoked in this case is manifestly
impracticable. As well might the court be asked to regulate
the domestic affairs of a family by its decree, as to undertake
the supervision of a contract such as that exhibited. Unless
a contract can be specifically enforced as to both parties, a
court will not interfere. Being unable to execute the con-
tract against the plaintiffs, nothing remained for the court in
this instance except to decline to compel the execution of a
deed in their favor. So far as the agreement remains unper-
formed, the appellee can not be compelled to perform it. The
appellants must be left to their remedy at law. That an ad-
equate remedy is available to them, affords an additional rea-
son why a court of equity will refuse to enforce the contract.

Among others the following authorities illustrate the rules
relating to the enforcement of agreements of the general
character under consideration : *Blanchard* v. *Detroit, etc., R.
R. Co.*, 31 Mich. 43 (18 Am. R. 142); *Buck* v. *Smith*, 29
Mich. 166 (18 Am. R. 84); *Marble Company* v. *Ripley*, 10
Wall. 339; *Cooper* v. *Pena*, 21 Cal. 403; *Port Clinton R.
R. Co.* v. *Cleveland, etc., R. R. Co.*, 13 Ohio St. 544; *Johnson*

v. *Shrewsbury*, etc., *R. W. Co.*, 3 DeG., M. & G. 914; *Black-ett* v. *Bates*, L. R. 1 Ch. App. 117; Pomeroy Eq. Jur., section 1405.

Without enlarging or stopping to notice in further detail the other reasons urged in the voluminous briefs in support of and against the view, that the contract should have been specifically enforced, or that the demurrer should have been overruled, it is enough to say the court committed no error in sustaining the demurrer to the third paragraph of the complaint.

The next error complained of is that predicated upon the demurrer to the second and third paragraphs of the answer. The answers are severally to the first and second paragraphs of the complaint, which charge that the defendant executed a deed, of which he afterwards obtained possession without plaintiffs' consent. They present one question. The facts alleged, in substance, are, that if the defendant signed any deed at all, conveying the land to the plaintiffs, it was under the following circumstances: Some time in April, 1882, Ikerd and wife came to live with the appellee, they occupying his house. While living in their family, soon after they moved, the appellee was taken violently and dangerously sick. During his prostration and while he was in a state of great physical and mental weakness, the plaintiffs importuned him to make them a deed for his farm. They caused a deed to be prepared, and while he was so physically and mentally weak as to be unable to resist their importunities, or to understand fully what the paper was that had been prepared for his signature, they procured him to sign the deed in question without any consideration whatever. He was at the time sixty-eight or sixty-nine years old, sick, and without any one to whom he could look for care or attention, and wholly dependent on the plaintiffs.

In addition to the foregoing, the third paragraph contains the averment that during his sickness the plaintiffs wholly neglected the defendant, refused to furnish him medical at-

tention and assistance, when he was in absolute need thereof, and that, by reason of their neglect of him, he was compelled to take up his abode elsewhere.

The objections urged against these answers are, that they fail to show that the alleged deed was executed against the will of the appellee, and that no acts of the plaintiffs are charged except importunity, entreaty, persuasion and advice. Such acts, it is said, do not constitute such undue influence or fraud as will avoid a deed.

We do not concur in this view of the case. The grantor was an aged, infirm man, physically and mentally prostrated. He was in a state of helpless dependence upon the plaintiffs, whose only claim to his bounty was that they had agreed to afford him the physical necessities of life, in consideration of the conveyance which they allege he made. A conveyance procured from one in that condition, by the entreaty, importunity and persuasion of persons who are in the situation of advantage over him, which the plaintiffs occupied, should not be re-established by a court of equity.

Where a contract has been procured from one who is in a situation of distress and necessity, by another who stands in a relation of confidence to, or who is in a situation of advantage over, such person, the burden is on him who procures the benefits of such a contract to show, among other things, that it was made in the exercise of the free and voluntary choice of the other. Story Eq. Jur., section 239; 1 Redf. Wills, p. 515; *Tracey* v. *Sacket*, 1 Ohio St. 54.

While it is true, it is not necessary, in order to maintain the validity of a deed, that there should have been an adequate consideration, or, indeed, that there should have been any consideration at all, yet, from the inadequacy of consideration, the sickness, age and mental depression of the defendant, and his helpless and dependent condition, as it related to the plaintiffs, an inference of undue influence arises, which it is incumbent on them to repel. *McCormick* v. *Malin,* 5 Blackf. 509, 523; *Marshall* v. *Billingsly,* 7 Ind. 250; *McLean* v.

*Equitable Life Assurance Co.*, 100 Ind. 127 (50 Am. R. 779);
*Allore* v. *Jewell*, 94 U. S. 506; *Harding* v. *Handy*, 11 Wheat.
103, 125; *Moore* v. *Moore*, 56 Cal. 89; *Waddell* v. *Lanier*,
62 Ala. 347; *Harris* v. *Wamsley*, 41 Iowa, 671.

The previous contract, in consummation of which the deed
was made, was, as we have seen, not of a character to justify
the plaintiffs in obtaining the deed by importunity and per-
suasion, considering the relations of the parties at the time.

It seems hardly necessary to add, this being a suit in a
court of equity to compel the execution of a deed and to
quiet title, it is only required that we consider whether the
answers present such a state of facts as would render it in-
equitable to grant the relief prayed. No questions of tender,
demand or of placing parties *in statu quo* arise on the an-
swers.

The demurrers to both paragraphs were properly overruled.

The ruling of the court in overruling the appellants' motion
for a new trial is made the basis of much discussion on both
sides. It is conceded on all hands that the case was of equit-
able cognizance exclusively. The *nisi prius* court so re-
garded it, and made a not altogether successful attempt to try
it as such.

The record recites that at the proper time the cause was,
on the plaintiffs' motion, submitted to the court for trial, but
that the court, of its own motion, "and for its information, as
to the facts in the case, called a jury and caused them to be
sworn to well and truly try the issues in said cause," etc., to
which action of the court the plaintiffs at the time excepted.

The record shows further that the jury heard the evidence,
the argument of counsel, and instructions of the court, and,
after due deliberation, returned a general verdict for the de-
fendant. Upon the return of the verdict the plaintiffs moved
the court for a finding in their favor. The defendant made
a like motion. The court overruled the plaintiffs' motion and
sustained the defendant's. Thereupon the plaintiffs filed a
motion for a new trial, which the court overruled.

Following the ruling on the motion for a new trial, the record proceeds, "And now the court, being sufficiently advised, finds for the defendant."

It is contended that the court erred, in that, after calling the jury for its own information as to the facts, it failed to frame and submit proper questions for the jury to answer, but permitted them to consider the whole case, and return a general verdict. While the course pursued is not to be commended, in the absence of a motion or request to the court to submit special questions, it was not such error as should reverse the case.

The court having advised the parties that the jury was only called for its information as to the facts, the parties having, without objection, permitted the jury to retire without requesting the court to submit special questions, and having moved the court to make a finding, after the jury had advised the court as to the facts, by a general verdict, it must be held that the irregularity of the court, in failing to frame special questions of its own motion, was waived.

The case is not controlled by the decision in *Lake Erie, etc., R. W. Co.* v. *Griffin,* 92 Ind. 487. In that case the court refused to treat the cause as of equitable jurisdiction, submitted it to a jury generally, and overruled an express request to frame and submit questions of fact.

In *Evans* v. *Nealis,* 87 Ind. 262, this court, in speaking of *Hendricks* v. *Frank,* 86 Ind. 278, said: "If the court, instead of rendering judgment upon the verdict, had only treated it as advisory, and made its own finding, * * * there would have been no error in thus submitting the facts to the jury, there being no conclusiveness in the verdict." Within the rule above announced, the action of the court was not erroneous.

Where the court, in a case of equitable jurisdiction, over objection, submits the issues to a jury as in a law case, and renders judgment upon the verdict without making its own

finding, it is error.  *Lake* v. *Lake*, 99 Ind. 339, and cases cited.

Where, however, as in this case, the issues are submitted to the court, and a jury is called to inform the court as to the facts merely, if without objection the court takes the advice of a jury by means of a general verdict, making its own finding, treating such verdict as advisory merely, it is not reversible error.  *Farmers' Bank, etc.,* v. *Butterfield,* 100 Ind. 229; *Evans* v. *Nealis, supra.*

As the motion for a new trial, the overruling of which is assigned as error here, was made before the court made its finding, it presents no question for our consideration.  *Pence* v. *Garrison,* 93 Ind. 345; *Ketcham* v. *Brazil, etc., Co.,* 88 Ind. 515.

As upon an examination of the questions presented we have found no error, the judgment is affirmed, with costs.

Filed May 25, 1886.