Filed May 13, 1887.

---

## No. 12,598.

### Zenor v. Johnson et al.

REAL ESTATE.—*Action to Recover.*—*Parent and Child.*—*Evidence.*—In an action by a father against a daughter and her husband to recover possession of land and to quiet title, the evidence showed, in substance, that the plaintiff was the owner in fee simple of the real estate; that he was an old man; that he had proposed to his daughter that if she would live with and take care of him during the remainder of his life, he would, at his death, give her all his property, and that she should have the use of all which he did not want to use; that the proposition was accepted, and the daughter and her family moved upon the land and into the plaintiff's house; that a deed from the plaintiff to his daughter had been prepared but never executed.

*Held,* that the evidence is not sufficient to sustain a judgment for the defendants.

From the Harrison Circuit Court.

*G. W. Denbo, W. N. Tracewell* and *R. J. Tracewell,* for appellant.

*N. R. Peckinpaugh, G. W. Self, W. T. Zenor* and *D. A. Cunningham,* for appellees.

Howk, J.—In this case, appellant, Zenor, sued the appellees, who were husband and wife, and the daughter and son-in-law of the appellant, in a complaint of three paragraphs. In the first two paragraphs of his complaint appellant sued to recover the possession of certain real estate, particularly described, in Harrison county; and, in the third paragraph, he sought to have his title quieted against the adverse and unfounded claims of the appellees to the same real estate. Appellees jointly answered (1) by a general denial of the first and second paragraphs of complaint, and (2) averring that they were the owners, and in the possession, of the real estate in controversy, they denied all other material allegations of the third paragraph of complaint. Appellant replied by a general denial to the second paragraph of appellees' answer. The issues joined were tried by the court, and a finding was made for appellees, the defendants below; and, over appellant's motion for a new trial, the court adjudged that he take nothing by his suit herein, and that appellees recover of him their costs in this action expended.

In this court, the only error assigned by appellant, the plaintiff below, is the overruling of his motion for a new trial.

Under this alleged error, the first point made by appellant's counsel, in argument, is, that the finding of the trial court was not sustained by sufficient evidence, and was contrary to law. By an unbroken line of record evidence, from the United States Government down to himself, appellant established the fact, alleged by him in each paragraph of his complaint, that he was the owner in fee simple of the real estate described therein. Upon the issues joined on the first and second paragraphs of his complaint, appellant was entitled, therefore, to a finding and judgment in his favor, unless the appellees showed by their evidence that, notwithstanding appellant's ownership of the real estate in controversy, they were entitled to the possession thereof, as against the appellant, at the time this suit was commenced. In their

answer to the appellant's third paragraph of complaint, the appellees averred, as we have seen, that they were the owners and in the possession of the real estate in controversy, and then denied all other material allegations of such third paragraph.    In view of the case made by appellant's evidence in chief, it became and was necessary for the appellees, therefore, in order to defeat appellant's recovery herein, to show by sufficient evidence either (1) that they had acquired title in fee simple to, or (2) that they had acquired and held the right to the possession of, the real estate in controversy, from, through or under the appellant, Zenor.

It was shown by the evidence that appellant, at the time of the trial of this cause, was more than seventy years old, that appellee Frances J. Johnson was his daughter, and that her co-appellee William J. Johnson was her husband and the appellant's son-in-law.    In the fall of 1882 appellant's wife departed this life, and at that time appellee Frances J. Johnson, who was his only daughter, and William J., her husband, were residing near the city of Paducah, in the State of Kentucky.    Appellant had an only son, Joshua Zenor, who lived near his father.    It was further shown that some time before his wife's death, but the precise time was not stated, appellant had made advancements to or settlements upon his two children, and had given appellee Frances J. Johnson a farm, near the land now in controversy.    After the death of appellant's wife, he proposed to his daughter, Frances J., that if she would come and live with him, and take care of him during the remainder of his life, he would, at his death, give her all his property, real and personal ; that, while he lived, he would buy his own clothing and pay his own "doctor bills," and that she should have the use of all his property which he did not want to use.    This proposition was accepted by appellees, and in December, 1882, Mrs. Johnson and her children moved into the appellant's house on the land in controversy, but her husband remained at their home in Kentucky for about one year, when he joined his family, and

they then lived with appellant in his home until the spring of 1884.

It was further shown by the evidence, that in January, 1883, appellant wrote out, signed and acknowledged the draft of a deed of the land in controversy to his daughter, Frances J. Johnson, and her children at his death, reserving to himself, during his life, the control, possession and use of such land. This deed was not to take effect and become operative until it had been submitted to and approved by William J. Johnson, who was then in Kentucky. When he came home he disapproved the original draft of the deed, for the reason, as stated, that he and his wife could not sell and make title to the land, if they should wish to do so, after appellant's death. It was then agreed that appellant should convey the land to his daughter, Frances J. Johnson, alone, and the original draft of the deed was surrendered and destroyed. A deed of the land to his daughter only was then prepared, but it was never executed by appellant. As a witness in her own behalf, Frances J. Johnson admitted that she knew she was not to get appellant's property until after his death.

We have now given the case substantially as it is made by the evidence appearing in the record; and upon this case, we are of opinion that the finding of the trial court, in appellees' favor, can not be sustained. It is certain, as it seems to us, that the appellees have not, nor has either of them, shown any title to, or right to the possession of, the land in controversy, which they can enforce during the lifetime of appellant, and as against him. In some of its features, the case in hand is not unlike the well-considered case of *Ikerd* v. *Beavers,* 106 Ind. 483; and much of what is said in the opinion in that case is forcibly applicable to the facts here as we have stated them. This is not a case of conflicting evidence; but it is one where it is shown by the evidence, without any conflict therein, that appellant is the owner in fee simple of the land in controversy, which land the appel-

lee Frances J. Johnson, as a witness in appellees' behalf, admitted that she was not to get until after appellant's death.

The finding of the trial court was not sustained by the evidence, and for this cause it was error to overrule appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded for a new trial, etc.

Filed April 28, 1887; petition for a rehearing overruled June 29, 1887.