No. 16,202.

## GARARD v. GARARD.

PLEADING. — *Indefinitness.* — *Remedy.* — *Motion.* — *Practice.* — Where a complaint is indefinite, the proper remedy is by motion to make more specific, and if such motion is not made, the defect is cured by judgment.

TRIAL.—*By Jury.*—*By Court.*—*Case of Equitable Cognizance.*—It is not error for the court to submit a case of exclusive equitable cognizance to a jury, for a finding of the facts, when done solely for the information of the court, and the verdict of the jury is treated merely as advisory, and the court makes its own finding, such that were all the jury proceedings stricken from the record, there would still be left a complete trial, finding, and judgment.

NEW TRIAL.—*Premature Motion Raises no Question.*—*Equity.*—*Jury.*— Where a court submits a case of exclusive equitable cognizance to a jury for the finding of the facts, for its information, the trial of the cause is not ended until the finding of the court is made, and there can not properly be a motion for a new trial until the first trial is ended. The overruling of a premature motion for a new trial can raise no question on appeal.

SUPREME COURT.—*Jurisdiction.*—*Equity.*—The jurisdiction of all cases of exclusive equitable cognizance is, on appeal, in the Supreme Court.

From the Hamilton Circuit Court.

*W. R. Fertig, H. J. Alexander* and *J. A. Roberts,* for appellant.

*G. Shirts* and *I. A. Kilbourne,* for appellee.

HOWARD, J.—This was an action to declare a trust in the proceeds of the sale of real estate, also for an accounting and for damages for the conversion of such proceeds.

The complaint was in three paragraphs; the first paragraph was for an accounting for value of land sold, also rents, profits, and interest, and for money had and received. The third paragraph was similar to the first.

The second paragraph alleged that in the year 1883,

and prior thereto, appellee was the owner of certain land, described in the complaint, situated in Shelby county, in this State; that in October of that year one David Talbert became the purchaser of said land for the sum of four thousand dollars, for which sum he executed his notes to appellee, due in five years from date, and secured by mortgage on said real estate; that it was at the same time agreed between said Talbert and appellee, that, in lieu of interest, said Talbert should pay to appellee two hundred and forty dollars rent, and pay all taxes, and that if, at the end of said five years, he should not desire to pay said purchase price, he was to deed back said land to appellee, or to any person appellee should direct, and appellee should surrender said notes and mortgage; that a short time after said sale appellee emigrated to the State of Missouri, where he continued to reside until November, 1889; that appellee appointed appellant, who is his son, as his agent to collect the rents and remit the same to him; that afterwards, in February, 1884, appellant represented to appellee that if he could exchange said Shelby county lands for lands in Hamilton county, where appellant then resided, as much rent could be realized, and it could be more conveniently collected and with less expense; that pursuant to said request appellee transferred said notes and mortgage to appellant, in February, 1884; that as appellee was then a citizen of Missouri, and intended to continue his residence in that State, as a matter of convenience said lands were to be conveyed to appellant, as trustee for appellee, in order that appellant could control business connected therewith, with more convenience, and, in the event of sale or exchange for other lands, could execute conveyance therefor without sending papers to appellee in a distant State; that on March 8, 1884, appellant surrendered to said Talbert said notes and mortgage and re-

ceived a deed for said land, executed to himself; that appellant held said title for said lands until August 30, 1886, when he exchanged said lands for other lands in Hamilton county, the title to which last lands appellant had also executed in his name, without the knowledge or consent of appellee; that appellant continued to send parts of the rent to appellee after said conveyance, and appellee had no knowledge that appellant had taken said last named conveyance to himself until November, 1889, when appellee removed from Missouri to said county of Hamilton, for the purpose of taking possession and occupying said lands, at which time he first learned that appellant had taken the conveyance of said lands in his own name, and claimed to be the owner thereof, and refused to surrender the same to appellee; that said Shelby county lands belonged to appellee; that appellant had no interest in them whatsoever; that the deed executed to appellant was executed to him as the trustee of appellee, and for no other or different purpose; that said lands were of the value of four thousand dollars; that appellant sold and conveyed said lands, received the consideration therefor, and converted the same to his own use, and has hitherto and still refuses to pay the same over to appellee, with the fraudulent intent and purpose of cheating, defrauding, and wronging appellee out of his just rights; demanding judgment and filing a bill of particulars.

Appellant, in his argument for the demurrer to this paragraph of complaint, contends that the paragraph is indefinite and uncertain in this, that it is not possible to tell from it whether the suit was for the conversion of the notes and mortgage, or the conversion of the Shelby county lands, or for the conversion of the lands in Hamilton county.

If the complaint were indeed indefinite in this or any other respect, the proper remedy would have been a motion to make more specific.  It is true that the paragraph is not so definite as would be desirable, but there was no motion to make it more definite, and that defect is cured by the finding.  Neither does the demurrer lie by reason of there being no demand shown in the paragraph.  It is the law that when a conversion by a trustee is alleged, no demand is necessary.  *Hon, Exec.*, v. *Hon*, 70 Ind. 135.

More serious questions arise in considering the reasons given in the motion for a new trial.

One of these reasons is that the court overruled appellant's motion to submit the issues joined in the second paragraph of the complaint to the court for trial, without a jury.  Appellant contends that these issues were of purely equitable jurisdiction, and we are inclined to agree with him.  Yet, while section 409, R. S. 1881, provides that issues of law and issues of fact, in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court, the same section also provides that, in all such cases, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury.  But as such trial by the jury is simply for the information of the court, it may be wholly disregarded by the court, and, whether regarded or not, it is necessary, in such cases, that the court make its own finding; insomuch that were all the jury proceedings stricken from the record, there would still be a complete trial, finding and judgment of the court left.  This is what the court seems to have done in this case.  The verdict of the jury is treated as advisory, and as a source of information, but the court is careful to make its own finding, viz.:  "And the court, being advised of and concerning the verdict of the

jury in this cause, does now find for the plaintiff; and that the plaintiff recover of the defendant,'' etc.

In *Ikerd* v. *Beavers*, 106 Ind. 483, Judge MITCHELL said: "In *Evans* v. *Nealis*, 87 Ind. 262, this court, in speaking of *Hendricks* v. *Frank*, 86 Ind. 278, said: 'If the court, instead of rendering judgment upon the verdict, had only treated it as advisory, and made its own finding, * * * there would have been no error in thus submitting the facts to the jury, there being no conclusiveness in the verdict.' * * * Where the court, in a case of equitable jurisdiction, over objection, submits the issues to a jury as in a law case, and renders judgment upon the verdict without making its own finding, it is error. *Lake* v. *Lake*, 99 Ind. 339, and cases cited.

''Where, however, as in this case, the issues are submitted to the court, and a jury is called to inform the court as to the facts merely, if without objection, the court takes the advice of a jury by means of a general verdict, making its own finding, treating such verdict as advisory merely, it is not reversible error. *Farmers' Bank, etc.*, v. *Butterfield*, 100 Ind. 229; *Evans* v. *Nealis, supra.*'' See, also, *Platter* v. *Board, etc.*, 103 Ind. 360.

In the case at bar, the court took the advice of the jury by means of a general verdict, making its own finding, and treating such verdict as advisory merely.

If, however, the verdict of the jury was merely advisory, the case being of equity jurisdiction, and the court made its own finding, upon which finding alone the judgment rests, it would appear that the trial of the cause was not ended until after the finding of the court was made. But the motion for a new trial was made before the finding of the court, and hence came too soon; for there can be no motion for a new trial until the first trial is ended.

"The trial has not ended until the court has made its finding upon the issues on trial.   It is not necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request the court to state the facts in writing and its conclusions of-law thereon.   *   *   *   There was no error in overruling the motion for a new trial.   Whether any grounds for a new trial existed and were stated in the motion we do not examine.   The motion was made before there had been any finding by the court."   *Pence* v. *Garrison*, 93 Ind. 345.

"As the motion for a new trial, the overruling of which is assigned as error here, was made before the court made its finding, it presents no question for our consideration."   *Ikerd* v. *Beavers, supra.*

Following these authorities, we must hold that the overruling of the motion for a new trial in the case at bar presents no question for consideration.

Yet, as some apparent irregularities occurred in the pleadings and on the trial, we have carefully gone over the reasons given by appellant in his motion for a new trial, and we find nothing that would have justified the court in granting the prayer of the motion, had it been made at the proper time.   Appellant is certainly mistaken in claiming that there was not sufficient evidence to support the finding.   While there is some contradiction in parts of appellee's testimony, yet there is sufficient explicit testimony to sustain the issues in favor of appellee.   The evidence shows that appellant held the title to the Shelby county lands as trustee for appellee, and that this trust was disavowed after appellant exchanged this trust estate for the Hamilton county lands and took the deed for the latter in his own name, and when he ceased to remit rent to appellee.   That a trust

resulted in favor of appellee and against appellant, as soon as the latter took the deed for the Shelby county lands, see *Prow* v. *Prow*, 133 Ind. 340, 32 N. E. Rep. 1121.

The instructions seem to have been full and fair statements of the law applicable to the case, part of them being given by the court on its own motion, part on appellee's motion, and part on appellant's motion. Instruction seven, given by the court, may be subject to criticism, for the reasons given by appellant, but it could do him no harm, for the earliest date when the disavowal of the trust could have taken place was in 1886, when he took the Hamilton county lands in his own name, and that was less than four years before suit was brought, so that the statute of limitations had over two years to run after suit was brought. The modification of appellant's first instruction, by inserting the words "in the absence of other evidence as to the intent," did not make that instruction incorrect, even if the instruction would have been correct without those words.

Neither have we found any ruling on the evidence, which would justify a reversal of the judgment, on the theory that the motion for a new trial was well made.

We think the evidence clearly shows that there was, in this case, an attempt on the part of appellant to deprive appellee of the value of his Shelby county farm, by exchanging it for the Hamilton county land and taking the deed for the latter in his own name. Whatever irregularities may exist in the record, or may have occurred on the trial, can not obscure this conversion of the value of appellee's land by appellant to his own use; and to no case can the provisions of section 658, R. S. 1881, better apply than they do to this, that no "judgment shall be stayed or reversed, in whole or in part, where it shall

appear to the court that the merits of the case have been fairly tried and determined in the court below.''

We find no available error for which the judgment should be reversed.

Judgment affirmed.

Filed June 8, 1893.

### ON PETITION FOR A REHEARING.

HOWARD, J.—The appellant has filed a petition for rehearing, claiming that jurisdiction on this appeal is in the Appellate Court, and asking that the case be transferred to that court.

In section 1 of the act approved February 16, 1893, p. 29, amending the act creating the Appellate Court, it is provided that ''The Appellate Court shall not have jurisdiction of suits in equity, hereby meaning by the terms 'suits in equity,' such cases as were known and recognized prior to the 18th day of June, 1852, as suits of equitable cognizance, and wherein specific decrees are appropriate and essential.''

The tenth reason given by appellant in his motion for a new trial, the overruling of which was assigned as error, was, ''That the court erred in overruling defendant's motion to submit the issue joined on the second paragraph of the complaint to the court for trial without a jury.''

In support of this assignment, counsel for appellant argued, in this court, that ''If the second paragraph of the complaint states any cause of action, it is one of exclusive equitable cognizance.''

In this contention, we agreed with counsel, and the action of the court, in submitting the cause to a jury, was upheld only on the ground that the court treated the verdict as advisory, and that the judgment was based

upon the finding of the court, and not upon the verdict of the jury.

It has, theretofore, already, in effect, been decided that this cause was one of equitable cognizance, as contemplated by the statute, and, consequently, that jurisdiction is in this court. See *Quarl* v. *Abbett*, 102 Ind. 233; *Ex parte Sweeney*, 126 Ind. 583; Elliott's App. Proced., chapter IV. Also *Schunk* v. *Moline, etc., Co.*, 13 Sup. Ct. Rep. 417.

The petition for a rehearing is overruled.

Filed Sept. 29, 1893.