FISCHER, ADMINISTRATOR, *v.* GUTHRIE ET AL.

[No. 14,193. Filed January 13, 1932.]

646

*Arthur H. Meyer,* for appellant.
*Frederick P. Bamberger,* for appellees.

BRIDWELL, C. J.—On June 15, 1928, Jacob Fischer was appointed as administrator of the estate of Catherine Beckemeier, deceased, and duly qualified as such administrator. He proceeded in due course to settle the estate of his decedent, and, on June 14, 1929, filed his final report, showing therein that he was chargeable with assets in the total sum of $1,895.45, and entitled to credits in the total sum of $596.50, leaving a balance in his hands of $1,298.95. He asked that an allowance of $180 be made to his attorney for services rendered and an allowance of $120 to himself for his services as administrator. These allowances, if made, leaving a balance in his hands for distribution amounting to $998.95.

In said report, the administrator informed the court as to the next of kin of the deceased and asserted that the children of the brothers and sisters of the decedent's mother, 14 in number, were cousins of decedent, and constituted her heirs; that, on the paternal side, no living cousins survived and the only kin remaining on the paternal side consisted of children of cousins who, the administrator claimed, do not share in the distribution of said estate. He asked that the report be approved, and that the court make its finding as to who were the next of kin and order distribution accordingly. Upon the filing of this report, the court ordered the administrator

to give notice as required by law of the hearing of said report, and the matter was continued until the day fixed for final hearing.

Prior to the filing of said report, each of the appellees, Nora Guthrie and Emma Schlensker, filed a separate petition alleging, in substance, that she is related by blood to the decedent, and entitled to a distributive share of said estate; that she is informed and believes that the administrator, Jacob Fischer, refuses to recognize and will fail and refuse to recognize her claim for a distributive share of said estate. The prayer of each petition is that said petitioner be recognized as one of the persons entitled to share in the assets of said estate upon distribution.

On July 9, 1929, appellees filed what they denominate as objections to the final report of the administrator, asserting therein their right to share in said estate under the laws of descent of this state, and objecting to the allowance of $120 to the administrator for his services as such, on the grounds that such an allowance is excessive and unreasonable.

On September 19, 1929, a stipulation of facts was agreed upon to be considered on the hearing of the final report and the petitions filed by appellees. The material facts so stipulated are that the decedent died intestate on March 1, 1928, while a resident of Vanderburgh County, Indiana; that she was never married and left no issue of her body surviving; that neither her father nor mother, nor any sister or brother, nor the descendants of any sister or brother, survived her; that she left surviving her 14 first cousins (who are named) who are first cousins in the maternal line; that she left surviving her appellees, who are second cousins in the paternal line; that decedent's father died prior to the death of her mother; that the mother died in 1866, and left surviving her the decedent and two other children, who died

intestate prior to the death of the decedent; that all real estate inherited by decedent had been sold prior to her death; that her estate consisted of personal property; and that the administrator has on hands for distribution the sum of $989.33.

The next step taken in the administration of decedent's estate, as far as is disclosed by the record, was the filing by the court, on May 13, 1930, of the following: "It is the holding of the court that if the estate come to the intestate otherwise than by gift, devise or descent, it shall first be divided into two equal parts, one of which part shall go to the paternal line and the other part to go to the maternal line of kindred in the following manner, brothers taking to the exclusion of all first cousins in the line, first cousins taking to the exclusion of all second cousins in the line, second cousins taking to the exclusion of all third cousins in the line," etc.

On May 19, 1930, Jacob Fischer, as administrator, filed in said cause his motion for a new trial which, omitting caption and signature, is as follows: "Comes now Jacob Fischer, as administrator of the estate of Catherine Beckemeier, in the above entitled cause, and, in his trust capacity of said estate, moves the court for a new trial and rehearing on his final report herein filed and the petitions of Nora Guthrie and Emma Schlensker, separately, on each of the following separate grounds: 1. That the decision and finding of the court is contrary to law. 2. That the decision and finding of the court is not sustained by sufficient evidence." The foregoing motion is the only motion for a new trial filed in this case.

After the filing of this motion, and on June 3, 1930, the transcript of the record shows that the administrator, in person and by his attorney, and the appellees, in person and by their attorney, appeared, and "the admin-

istrator's final report and the separate petitions and objections of the petitioners Nora Guthrie and Emma Schlensker are now submitted to the court for trial, finding and judgment." Following this hearing, the court made its finding, allowing all credits claimed by the administrator and finding that the estate of decedent "came to her otherwise than by gift, devise or descent," and that decedent left surviving her as next of kin on the maternal side 14 named first cousins, and on the paternal side the appellees, each of whom is a child of a deceased first cousin of decedent. Judgment followed, and the court ordered that the administrator make distribution of the surplus in the following manner: "That said surplus shall first be divided into two equal parts, one of which part shall go to the paternal line and the other part to go to the maternal line of kindred in the following manner, brothers taking to the exclusion of all first cousins in the line, first cousins taking to the exclusion of all second cousins in the line, second cousins taking to the exclusion of all third cousins in the line," etc.

The administrator's motion for a new trial hereinbefore set out was then submitted to the court and overruled, to which ruling the administrator excepted and prayed this appeal, which was granted and perfected.

The errors assigned are: (1) That the court erred in the conclusion of law stated upon the special finding of facts; (2) that the court erred in overruling the appellant's motion for a new trial and rehearing.

Upon searching the record, we fail to find that either the appellant, the appellees, or either of them, requested the court to make a special finding of facts. Neither do we find anything which purports to be a special finding of facts signed by the judge. It is true that the court finds certain facts as to who are next of kin, etc., but this amounts only to a general finding. It has uniformly been held by our Supreme

Court and this court that a special finding by the court, not signed by the judge or not requested by either party, will be treated as a general finding of the court. The first assignment of error presents no question for our determination. *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58; *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 52 N. E. 702; *Rhodes* v. *Selvage* (1919), 69 Ind. App. 533, 122 N. E. 352; *Massachusetts, etc., Ins. Co.* v. *Indiana State Bank* (1921), 76 Ind. App. 608, 132 N. E. 693.

The only other error assigned is the overruling of appellant's motion for a new trial. This motion was filed on May 19, 1930, two weeks prior to the decision and judgment of the court which is sought to be reversed. Apparently, appellant proceeds upon the theory that the denominated "holding" of the court entered on May 13, 1930, was a decision of the court determinative of the rights of the parties interested. It cannot be so considered. At the most, it was merely an indication by the court as to how the court would construe the law if certain facts existed. No motion for a new trial having been filed after the decision of the court, the second assignment of errors presents no question for consideration. *Garard* v. *Garard* (1893), 135 Ind. 15, 34 N. E. 442; *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 7 N. E. 326; *Pence* v. *Garrison* (1883), 93 Ind. 345.

Judgment affirmed.