[No. 6,501.—Department No. 1.]

## WAKEFIELD *v.* BOUTON ET AL.

FINDINGS—CONFLICT OF EVIDENCE.—The findings sustained in this case, on the ground that there was a conflict in the evidence.

ID.—NEW TRIAL—PRACTICE.—The findings of the jury in an equity case are not binding on the Court, but may be set aside or disregarded by the Court without a motion for new trial.

APPEAL from a judgment for the defendant, Margaret F. Bouton, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The case was tried before a jury, who rendered a verdict on all the issues in favor of the plaintiff. The Court set aside the verdict, and found as stated in the opinion. The other facts are stated in the opinion.

*A. H. Judson,* and *Byron Waters,* for Appellant.

The Court erred in arbitrarily setting aside the verdict of the jury. The findings of the Court are not sustained by the evidence.

The Court also failed to find upon a material issue. It is alleged in the complaint, and denied in the answer, that the $1,000 note was made in lieu of the balance on the second note. The Court found that Bouton made the note, but failed to find for what it was given. The evidence clearly showed that the $1,000 note was given for the balance of the other note; and the law is settled that, in such case, unless the new note is intended as a payment, it remains secured by the mortgage. (2 Wash. on R. P. 173; *Dillon* v. *Byrne,* 5 id. 455–7; *Birrell* v. *Schie,* 9 id. 106; *Swift* v. *Kraemer,* 13 id. 523; *Himmelmann* v. *Schmidt,* 23 id. 120; *Barber* v. *Babel,* 36 id. 23; *Pomoroy* v. *Rice,* 16 Pick. 22; *Davis*

v. *Maynard*, 9 Mass. 245 ; *Watkins* v. *Hill*, 8 id. 522 ; *Spring* v. *Hill*, 6 Cal. 17 ; *Taber* v. *Hamlin*, 97 Mass. 489–92 ; *Hill* v. *Beebe*, 13 N. Y. 556 ; *Chase* v. *Abbott*, 20 Iowa, 154 ; *Seymour* v. *Darrow*, 31 Vern. 122 ; *Bolles* v. *Chauncey*, 8 Conn. 389 ; *Terry* v. *Woods*, 14 Miss. 139.)

*Bicknell & White*, for Respondents.

The action of the jury was not binding upon the Court in any sense, or for any purpose. (*Wingate* v. *Ferris*, 50 Cal. 105.) The findings of the Court are fully sustained by the evidence, and the authorities cited by respondent do not apply. If the assignment to Mrs. Bouton had merely transferred an interest in the note equal to $2,551.36, the argument might have some force ; but, as a matter of fact, she is the holder of, and owns the whole of the note, and the assignment carried with it a corresponding interest in the mortgage. (Civ. Code, § 2936 ; *Ord* v. *McKee*, 5 Cal. 515 ; *Bennett* v. *Taylor*, id. 502 ; *Phelan* v. *Olney*, 6 id. 479 ; *McMillan* v. *Richards*, 9 id. 426 ; *McCurdy* v. *Clark*, 27 Mich. 445 ; *English* v. *Carney*, 25 id. 178.)

The $1,000 note was given and accepted for the balance remaining due from Bouton after the assignment to respondent. This was a contract between Bouton and Nancy Wakefield, with which we have nothing to do.

The new obligation entered into imposed no lien upon the mortgaged premises. (*Stoddard* v. *Hart*, 23 N. Y. 556 ; *Grafton Bank* v. *Foster*, 11 Gray, 265.)

McKINSTRY, J. :

The complaint is for the foreclosure of a mortgage given to secure promissory notes, described as follows :

" On the 22nd day of April, 1875, in the city of Los Angeles, County of Los Angeles, State of California, the said defendant, Edward Bouton, made his certain promissory notes in writing, bearing date on that day, by one of which notes he promised for value received to pay said plaintiff, or order, the sum of $3,108 in gold coin of the United States, with interest thereon in like gold coin at the rate of 1 per cent. per month from date until paid, which note, by the terms thereof, was payable in one

year from the date thereof; and by the other note, said defendant promised, for value received, to pay said plaintiff, or order, the sum of $3,108 in gold coin of the United States, with interest thereon in like gold coin at the rate of 1 per cent. per month from date until paid, which note, by the terms thereof, was payable in two years from date thereof."

The complaint alleges, that on the 1st day of July, 1876, said defendant paid said plaintiff the sum of $2,544.20 in gold coin of the United States, and the same was then and there, by mutual agreement of plaintiff and defendant, applied on the last described note, which was then and there surrendered to said defendant Bouton, and in lieu thereof, and for the balance due thereon, said defendant made, executed, and delivered to said plaintiff his certain promissory note for the sum of $1,000, gold coin of the United States, payable to said plaintiff, or order, in two months from the said 1st day of July, 1876, with interest thereon in like gold coin at the rate of one and a half per cent. per month until paid; which note, it was then and there agreed, should be deemed secured by said mortgage.

The plaintiff is still the owner and holder of said first and last described notes and of said mortgage.

That the whole of the principal sums mentioned in said first and said last described notes is unpaid, and no portion of the interest on either of said notes has been paid, and there is now due and unpaid from said defendant Edward Bouton to said plaintiff on said first note the sum of $3,108, gold coin of the United States, and interest thereon at the rate of one per cent. per month from April 22nd, 1875; and on said last described note there is now due and payable from said defendant to said plaintiff the sum of $1,000, gold coin of the United States, and interest thereon from July 1st, 1876, at the rate of one and one half per cent. per month.

The prayer is, that the proceeds of sale of the mortgaged premises be applied to the payment of " the amount due the plaintiff," etc.

The answer of the defendant Edward Bouton denies that the payment of $2,544.20 was on the second of the original notes, or that the same was ever surrendered to him, or that it was agreed that the $1,000 note should be secured to be paid by the mortgage.

The defendant, Margaret F. Bouton, denies that the payment was made on the second note mentioned in the complaint, or that the same was ever surrendered to E. Bouton, or that he in lieu thereof, or for the balance thereon, executed and delivered the $1,000 note; and denies, further, that on the 1st of July, 1876, or at any time, it was agreed that the $1,000 should be secured by the mortgage. Defendant Margaret F., by way of *cross-complaint*, alleges that "on the 1st day of July, A. D. 1876, said plaintiff, for a valuable consideration, to wit, the payment to her by this defendant of the sum of $2,551.36, United States gold coin, indorsed, assigned, sold, transferred, and delivered the note hereinbefore fully set forth, and which fell due on the 22nd day of April, 1877, together with said mortgage, by which the payment of said note was so secured to this defendant, who ever since then has been and is now the lawful owner and holder of said last mentioned note, and the mortgage by which the payment of the same is secured as above set forth.

" That the whole of the principal sum mentioned in the last described note is unpaid, and no portion of the interest thereon has been paid, and there is now due from said E. Bouton as principal, and said Nancy Wakefield as indorser on said note, the sum of $3,108, gold coin, and interest thereon at the rate of one per cent. per month from April 22nd, 1875.

" That this defendant, as the indorsee of plaintiff, holds a prior lien on said mortgaged premises as security for the payment of said last named note and interest, and that the interests of the other parties to this action in said mortgaged premises are all subject to said lien of this defendant."

The third, fourth, fifth, sixth, seventh, and eighth findings are as follows:

" 3. That on the 1st day of July, A. D. 1876, and while she was the lawful owner and holder thereof, this plaintiff for a valuable consideration, to wit, the payment to her by the defendent, Margaret F. Bouton, of the sum of $2,551.36, in United States gold coin, which sum was then and there the separate property of said Margaret F. Bouton, indorsed, assigned, sold, transferred, and delivered the second of the hereinbefore described notes, to wit, the said note which fell due as aforesaid on the 22nd day of July, 1877, together with the said mortgage

by which the payment of the said note was so secured, to the defendant, Margaret F. Bouton, as her separate estate, who ever since then has been and is now the lawful owner and holder thereof.

"4. That the defendant, E. Bouton, on the 1st day of July, 1876, executed and delivered to the plaintiff herein his certain promissory note for the sum of $1,000, gold coin of the United States, payable two months after its said date, with interest thereon in like gold coin, at the rate of one and one-half per cent. per month until paid, and the payment of the principal sum, or the interest thereon, as mentioned in the said last named note, was not at any time secured either in whole or in part; nor was it ever agreed by or between any of the parties to this suit that the said principal sum, or interest thereon, or any part thereof, should be secured to be paid by said mortgage, or should in any way become a lien upon said mortgaged premises.

"5. That no payment of principal or interest has ever been paid upon either of the aforesaid three notes, and the same remain wholly due, unpaid, and unsatisfied.

"6. That said plaintiff is now the lawful owner or holder of the first of said notes mentioned in the complaint, and which fell due as aforesaid on April 22nd, 1876, and there is now due and owing to her thereon from the defendant, E. Bouton, the sum of $3,108, with interest from April 22nd, 1875, at the rate of one per cent. per month, all in gold coin.

"7. That there is now due and owing from said defendant, E. Bouton, on the second mentioned note described in the complaint, and which fell due as aforesaid on the 22nd day of April, 1877, to said Margaret F. Bouton, who is now the lawful owner and holder thereof as aforesaid, the sum of $3,108, with interest from April 22nd, 1875, at the rate of one per cent. per month, all in gold coin.

"8. That both the principal sum and interest due upon said two last mentioned notes of dates April 22nd, 1875, are a lien upon said mortgaged premises, and the payment of the same is secured by said mortgage."

These findings are attacked by appellant as not sustained by the evidence. If it were a question of fact to be passed upon by us as an original question, we would entertain doubt whether

the plaintiff fully understood the arrangement, and that her indorsement would operate an assignment of the note for $3,108, and *pro tanto* of the mortgage ; but the Court below, before whom the witnesses appeared, found in effect that the minds of the parties met, and denied a motion for a new trial. There certainly was a conflict in the evidence, since the witness, E. Bouton, swore that he explained to witness that his wife, the defendent, Margaret F. Bouton, would not advance the money unless the security was transferred to her, and that he would require plaintiff to indorse the note (which she did) so that he could deliver it to Margaret F., to secure her. The mortgage note was not then due, and the note which he gave for the balance bore one-half per cent more interest, than did the note secured by the mortgage. It has been so repeatedly held that we will not reverse a finding of fact when there is a substantial conflict in the evidence, that it is unnecessary to do more than again call attention to the rule. What is said above applies to the finding that nothing was paid in satisfaction of the second of the notes secured by the mortgage.

It is urged that the Court below failed to find upon a material issue. The complaint alleges that the $1,000 note was given in lieu of the second note described in the complaint and for the balance thereon, and the answer denied this allegation. It is said the Court found that defendant, E. Bouton, made and delivered to plaintiff the note for $1,000, but failed to find for what said note was given. But the case shows that $1,000 was (approximately) the balance due upon the note indorsed, and the Court did find that it never was agreed between the parties that the $1,000 note should be secured to be paid by the mortgage, or should in any way become a lien on the mortgaged premises. It is alleged in the complaint, and not denied in the answers, that the $1000 note was given for the balance due on the note indorsed. The real issue, therefore, was whether that note was to be secured by the mortgage, and upon that issue the Court found as above stated.

Judgment and order affirmed.

MORRISON, C. J., and MCKEE, J., concurred.