No. 9862.

## EVANS ET AL. *v.* NEALIS, ADMINISTRATOR.

FRAUDULENT CONVEYANCE.—*Action to Subject Land to Execution.—Trial.— Equity.—Practice.—Jury.— Verdict.*—A suit to subject to execution lands fraudulently conveyed by the judgment debtor is a suit in equity triable by the court, under the statute, R. S. 1881, sec. 409, and if the court choose to take the verdict of a jury it is advisory only, and the court may make its own finding of facts, notwithstanding the verdict.

From the Boone Circuit Court.

*J. W. Clements, J. L. Pierce, N. B. Taylor, F. Rand* and *E. Taylor,* for appellants.

*C. S. Wesner, R. P. Davidson, J. C. Davidson, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellee.

FRANKLIN, C.—This is a proceeding by appellee against appellants, in the nature of a creditor's bill, to charge forty-eight acres of land in Boone county, Indiana, in the hands of the defendant Margaret Evans, wife of the defendant James Evans, with the lien of a judgment against the latter for $1,232.20, recovered by Orville S. Hamilton, appellee's intestate, in the Boone Circuit Court on September 29th, 1870.

The complaint contains four paragraphs. The first three, in slightly different forms, allege that James Evans was indebted to Hamilton on a promissory note (now merged in said judgment); that he owned the forty-eight acres in question; that pending suit on said note Evans and wife conveyed the land to Mrs. Austin, without consideration, for the purpose of defrauding his creditors; and, as a part of the fraudulent purpose, Mrs. Austin and her husband reconveyed the land to Mrs. Evans; that James Evans, from the time of the conveyance, has been and still is insolvent.

The fourth paragraph differs from the others in this, that it charges the consideration for the conveyance from Mrs. Austin to Mrs. Evans to have been money and property of James Evans, and that there was no other consideration.

The defendants demurred severally and separately to the 2d, 3d and 4th paragraphs of the complaint, for the reason that neither stated facts sufficient to constitute a good cause of action. The demurrer was overruled, and the defendants answered by a general denial.

The court ordered that a jury be empanelled to try the questions of fact in the case, and on motion of the plaintiff the jury was directed to return a special verdict. The trial was had September 29th, 1881. Both parties moved for judgment on the special findings. The court overruled the motion of the defendants, made another special finding of its own, and upon it, and the information furnished by the special verdict of the jury, rendered judgment in favor of the plaintiff. The defendants moved for a new trial, which was

overruled, and they appealed to this court.    The errors assigned are :

1st.  Overruling appellants' motion for judgment.

2d.  Sustaining appellee's motion for judgment.

3d.  Rendering judgment for appellee.

4th.  Overruling appellants' demurrer to complaint.

5th.  Allowing an amended fourth paragraph of complaint to be filed.

6th.  Overruling motion for a new trial.

This is the third appeal of this cause to this court.    The first time it was reversed, on the ground of the insufficiency of the complaint, and is reported in *Evans* v. *Hamilton,* 56 Ind. 34.    The second time it was reversed because the evidence did not sustain the allegations in the complaint, and is reported in *Evans* v. *Nealis,* 69 Ind. 148.    The question presented in this appeal is in relation to the practice in chancery causes arising under the 409th section, R. S. 1881.    The cause was tried September 29th, 1881, within a few days after the new revision went into force and took effect, and is governed thereby.

The fourth, fifth and sixth specifications of error are not discussed and insisted upon by appellants in their brief.    They are, therefore, waived.

The overruling of appellants'. motion for judgment on the special verdict, the sustaining of appellee's motion for judgment, and the rendition of the judgment for appellee present the questions for consideration.

It is not claimed that the additional finding made by the court, taken in connection with the special verdict of the jury, did not authorize and sustain the judgment rendered by the court; but it is insisted that the special verdict does not sustain the judgment, and that the court had no right to make additional findings, but was bound by the special verdict of the jury, and could act alone upon that.

The special verdict is quite long, and the view that we have taken of the questions involved renders it unnecessary to copy

the special findings of the jury. Upon the return of this special verdict both parties moved for judgment upon the special findings in their favor. The court overruled the motion of the appellants, and made new findings for itself, embracing a part of the special findings of the jury and omitting a part of them, and also stating additional facts, upon which and the information furnished by the special verdict of the jury, the court rendered judgment for the plaintiff. The findings made by the court are as follows:

"And the court finds that Orville S. Hamilton recovered judgment against James Evans on a promissory note for the sum of $——.——, in the circuit court of Boone county, on the —— day of ——, 1870; that said judgment remains wholly unpaid; that, at the date of the rendition of said judgment, said James Evans was wholly insolvent, and had not property subject to levy and execution sufficient to pay and satisfy said judgment debt, and has so remained insolvent from that time to the present, except as to the lands hereinafter described; that on the 24th day of December, 1869, said James Evans was the owner in fee simple, in his own name and in his own right, and purchased with his own means, of the following lands in said county of Boone and State of Indiana, to wit: The east half of the northeast quarter of section six (6), township seventeen (17) north, range two (2) west, containing forty-eight (48) acres, more or less, said to be four-sevenths of eighty-four (84) acres; that on the day last aforesaid he, joined by the defendant Margaret Evans, his wife, conveyed said land to one Laurena Austin, for a valuable consideration; that said Laurena Austin held the title of said land until the 25th day of December, 1872, when she reconveyed said lands to the defendant Margaret Evans, who has continued ever since to hold the same; that for the reconveyance to her, said Margaret, she, said Margaret, paid to said Laurena Austin the consideration therefor out of the money and means of said James Evans; that, at the time of said conveyance by said James Evans to said Laurena Austin, he, the said James Evans, was greatly in debt

and embarrassed, and especially was owing the debt to said Orville S. Hamilton, and continued to be so in debt until the time of said reconveyance to said Margaret Evans; that said Margaret Evans had no means of her own, but said lands conveyed to her were paid for out of the means as aforesaid of said James Evans; that said Orville S. Hamilton died in said county, on the 29th day of September, 1877, and that the plaintiff herein, James Nealis, was duly appointed administrator of the estate of said Orville S. Hamilton, deceased; and upon the facts so found by the court from the evidence, and from the information of the verdict of said jury, the court does now adjudge and decree," etc.   Then follows the decree.

This finding and decree of the court is in the usual form of chancery proceedings, first to state the facts, and then the decree, based upon the facts stated; but appellants' counsel insist that the court had no right to state facts; that it was bound by the facts as stated in the special verdict of the jury, and could only enter a decree upon the special verdict. While appellee's counsel claim that this is a chancery suit, and, under the code of 1881, it could not be tried by a jury, but must be tried by the court; that the special verdict of the jury is only advisory to the court, and has no binding force whatever.

Prior to the code of 1852 the cause of action set out in the complaint herein would have had to be tried as a chancery suit, and not as a common-law action, but under the code of 1852, to a large extent, was, alike with common-law actions, triable by a jury.   And the authorities referred to by appellants are cases that were tried under this code of procedure and the common-law practice, and not under the chancery practice.   Therefore, they are not applicable to chancery suits, under the act of 1881, where the court of equity has exclusive jurisdiction.

The 409th section of R. S. 1881 reads as follows: " Issues of law and issues of fact in causes that, prior to the 18th day of June, 1852, were of exclusive equitable jurisdiction, shall be tried by the court; issues of fact in all other causes

shall be triable as the same are now triable. In case of the joinder of causes of action or defences which, prior to said date, were of exclusive equitable jurisdiction, with causes of action or defences which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct: *Provided,* That in all cases triable by the court as above directed, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury, or the court may refer any such cause to a master commissioner, for hearing and report."

The case under consideration appears to have been tried under and with reference to the provisions of the foregoing statute. The court ordered a jury empanelled to try the questions of fact. Upon the return of the special verdict of the jury, it made a statement of the facts from the evidence and as informed by the verdict, upon which judgment was rendered. This statute makes no provision for the trial of a case of exclusive equitable jurisdiction by a jury; but it does provide that the court, for its information, may submit facts to be tried by a jury, and in such cases the verdict is only informatory and not binding upon the conscience of the court; hence, the rules of practice applicable to special verdicts in causes other than those that prior to June 18th, 1852, were of exclusive equitable jurisdiction, are not now applicable to verdicts in such equitable causes. But we must resort to the chancery practice for rules to govern such verdicts. Since the taking effect of said act of 1881, the case of *Hendricks* v. *Frank,* 86 Ind. 278, was tried as a common-law action by a jury, and a judgment rendered upon the verdict. That was a suit in the nature of a creditor's bill to subject property in the hands of third parties to the payment of the debts coming to the creditors, and this court held that it ought to have been tried by the court, and that it was erroneous to try it by a jury. If the court, instead of rendering judgment upon the verdict, had

only treated it as advisory, and made its own finding, and rendered judgment accordingly, treating the verdict of the jury merely as information to the court, there would have been no error in thus submitting the facts to the jury, there being no conclusiveness in the verdict.

In the case of *Basey* v. *Gallagher*, 20 Wal. 670, both parties moved for judgment upon the special findings of a jury. The court, in rendering the decree, disregarded a portion of the findings of the jury and adopted others, and it was held by the United States Supreme Court that " the consideration which the court will give to the questions raised by the pleadings, when the case is called for trial or hearing, whether it will submit them to a jury, or pass upon them without any such intervention, must depend upon the jurisdiction which is to be exercised. If the remedy sought be a legal one, a jury is essential unless waived by the stipulation of the parties; but if the remedy sought be equitable, the court is not bound to call a jury, and if it does call one, it is only for the purpose of enlightening its conscience, and not to control its judgment. The decree which it must render upon the law and the facts must proceed from its own judgment respecting them, and not from the judgment of others. * * * And all information presented to guide its action, whether obtained through masters' reports or findings of a jury, is merely advisory."

The foregoing extract, we think, is a clear statement of the force and effect of verdicts of juries in equitable suits according to the chancery practice, and is in entire harmony with the provisions of our said statute of 1881. Numerous authorities might be cited in support of said rule in chancery practice, but we only refer to the following : *Stahl* v. *Gotzenberger*, 45 Wis. 121 ; *Stanley* v. *Risse*, 49 Wis. 219 ; *Dunphy* v. *Kleinsmith*, 11 Wal. 610 ; *Garsed* v. *Beall*, 92 U. S. 684 ; *Wakefield* v. *Bouton*, 55 Cal. 109 ; 2 Dan. Chan. Pl. & Prac. 1148, *n*.

The special verdict of the jury in the case under consideration being merely advisory, and not conclusive, we deem it unnecessary to enter into a critical examination of its contents.

for the purpose of ascertaining whether it stated facts sufficient to authorize a judgment upon it in favor of either of the parties, or whether any of the material facts were not found so as to hold against the party upon whom rested the burden of proof that they had not been proved; or whether the facts found were so defective, uncertain or contradictory that a judgment could not be rendered, and a *venire de novo* ought to be awarded; or whether the facts found were not sustained by the evidence, or all the facts proved were not found, and a new trial ought to be granted. All these questions, in this case, are immaterial. The court, in this case, followed the chancery practice, and rendered judgment upon its findings in accordance with the said provisions of our recent statute. There was no error in overruling appellants' motion for judgment in their favor upon the special verdict of the jury; nor in sustaining appellee's motion for judgment, nor in rendering judgment for appellee.

We find no error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.