Wertz *et al. v.* Jones.

Filed May 17, 1893.

---

No. 16,269.

## WERTZ ET AL. *v.* JONES.

ESTOPPEL.—*Married Woman.—Contract as to Her Separate Estate.— When Estopped from Denying Validity.*—Where A. was indebted to B. by note, for a certain sum of money, and upon the maturity of the note A. represented to B. that he had the money with which to pay off such note, and that his, A.'s, wife desired to borrow said money for the purpose of making improvements on, and paying off liens on, certain real estate which she held as her separate estate, and that, to secure such loan, she and her husband would join in the execution of a mortgage on said real estate to B., in which representations the wife joined, being present at the time; and relying

upon such representations by the wife, B., in good faith, consented to make the loan, delivering up A.'s note for the amount, and receiving the wife's note and said mortgage instead, and directed A. to pay the money to his, A.'s, wife, which he agreed to do, and to which the wife consented; she will be estopped, under such circumstances, from denying the validity of the contract by which she induced B. to part with the consideration therefor.

JUDGMENT.—*Not Contrary to Evidence.*—That the finding of the trial court is supported by the evidence, see opinion.

From the Henry Circuit Court.

*B. L. Smith, C. Cambern* and *M. E. Forkner*, for appellants.

*W. A. Cullen, J. D. Megee, W. J. Henley, L. D. Guffin* and *J. R. Mellett*, for appellee.

OLDS, J.—The appellant, Louisa C. Wertz, her husband joining with her, brought this suit against the appellee, asking the cancellation of a mortgage. She alleged in her petition that she was the owner in her own right, of certain real estate; that on the 27th day of August, 1886, her husband, Hiram Wertz, was indebted to appellee, Jones, in the sum of $1,236; that to secure the debt of her husband she gave her note and a mortgage on her separate real estate; that the mortgage was signed, acknowledged and recorded; that she was a married woman at the time; that no money was loaned to her, nor was the money used to improve her separate real estate; that there was no other or different consideration for the execution of said note and mortgage; that the sole consideration for the mortgage was the surrender of notes, by appellee James, evidencing the debt of her husband; that said mortgage is void as to her, and asks the cancellation of it. No question is made as to the sufficiency of the complaint.

Issues were joined on the complaint and a trial had, resulting in favor of the appellee.

The appellee answered in three paragraphs, the first a general denial, the second alleged "that on and prior to

the 27th day of August, 1886, Hiram Wertz, who was and is the husband of the plaintiff, was indebted to the defendant in the sum of $1,236.35, for which he held the notes of said Hiram Wertz; that on said day the said Hiram and his wife came to him and represented to him that said Hiram was ready and had the money to pay off said notes, but that his said wife was the owner of a certain tract of real estate in Rush county, Indiana (which defendant knew was true), and that she would like to borrow the money for her own separate use and to improve her said real estate, and if said defendant would loan her the money she would execute to him her note and a mortgage on her said real estate, in which her husband would join; that these statements were made by both the plaintiffs, Hiram and his wife, to said defendant, both Hiram and his wife being present, and both making said statements; that thereupon said defendant said to them that he did not need the money, and if it was made secure to him he would loan it to her; that thereupon said defendant and said Hiram and the plaintiff went to the law office of Smith & Henley, where the same statement was made by the plaintiff in the presence of said Henley, to wit: That if the said defendant would loan her the money now in the hands of her husband for her separate use, and to improve her separate real estate, she would execute to him her individual note, secured by a mortgage upon her said real estate, and thereupon executed the following instrument in writing, and swore to the same before a notary public, to wit:

"STATE OF INDIANA, RUSH COUNTY:

"Louisa Wertz, being duly sworn, upon her oath says that the money borrowed of John A. Jones on this day, to wit, $1,236.35, and for which I have given my note this day, due in one year, with the privelege of extending the said note from year to year for five years, was

borrowed by me for my own separate use and for the improvement of my separate estate and land'' (signed and sworn to); that defendant relied upon the statements, affidavit, and representations of said plaintiff, and would not have loaned her the money but for these, and he loaned her the money in good faith, fully relying upon what she so represented and swore to; that as a part of the same transaction and at the same time she did sign the note for said money, and executed, together with her husband, the mortgage to secure the same; that as a part of said transaction, and in her presence, the defendant surrendered to said Hiram his note for said sum of money, canceling the same, and accepted the note and mortgage of the plaintiff, and directed him to pay the money to her, which he said he would do, and which she said was all right; that, subsequently, plaintiff paid the interest at different dates up to August 27, 1889.

Wherefore, etc., she is estopped from denying that the note and mortgage is her own act and for her own separate use.

A demurrer was filed to this second paragraph of answer, which was overruled and exceptions reserved, and the ruling assigned as error, and is the first alleged error discussed. Counsel for the appellant state their objection to this paragraph as follows:

''It is by way of estoppel. This paragraph does not allege that the appellant, Mrs. Wertz, was ever paid any money by Jones, or by her husband. The answer does not state facts sufficient to constitute an estoppel. Jones, the appellee, did not part with any right, property or money. There is no allegation that Mrs. Wertz ever received a single dollar of the money. On the contrary, the pleader contents himself with the averment that the appellee directed the payment of the money by Mr. Wertz

to the appellant, Mrs. Wertz; that Mr. Wertz agreed to pay it and appellant said it was all right. The answer shows that the consideration of the note secured by the mortgage was to pay the debt of the husband, and is therefore void.''

Section 5117, R. S. 1881, provides that a married woman shall be bound by an estoppel *in pais*, like any other person, and our decisions affirm this doctrine. A married woman can not bind herself as surety for her husband, but she may bind herself upon her individual contract, made for her own benefit.

If the answer shows the contract to be one made in her own behalf, and for her own use and benefit, or if it shows that she, by her representations, led the appellee to believe it was such a contract, and induced him by her representations to believe it was such a contract, and upon the faith of such representations, he, in good faith, parted with the thing of value constituting the consideration of the contract, she will be estopped from denying the validity of the contract which she induced by her representations. Ordinarily, a party is estopped when he makes representations, with knowledge of the facts, when the party to whom they are made is ignorant of the truth of the matter, when the representations are made with the intention of having the other party act upon them, and the other party is induced, by the representations, to act. *Roberts* v. *Abbott*, 127 Ind. 83.

This paragraph of answer shows affirmatively, that the appellants, Mrs. Wertz and her husband, came to the appellee, whom the husband was owing $1,236.35, and each of them represented to him that the husband had the money on hand with which to pay the debt, and stated that Mrs. Wertz wanted to borrow it, treating it as the appellee's money, it being due him from the husband,

and represented that she wanted to borrow the money for her own individual use, to expend in making improvements on land held in her own right, upon which she would give a mortgage, her husband joining, to secure the repayment of the money; that Mrs. Wertz put these representations in writing, and signed and swore to them; that appellee relied upon the representations, and believed them to be true, and in good faith took her note and mortgage for the amount; that, instead of formally receiving the money from the husband and passing it over to the wife, this formality was dispensed with, and, by mutual agreement, appellee surrendered the notes to the husband, and directed him to pay the money direct to the wife, which the husband agreed to do, and she agreed to it.

By reason of the new contract with the wife, and relying upon her representations, the appellee parted with the notes for the amount of the loan, which, presumably, were of that value, and, according to the representation of both Mr. and Mrs. Wertz, the husband had in his possession at the time the money to pay the note, and the appellee believed that he had, and was induced by her representations to believe that the money would be at her disposal, the same as if he had paid it over to her, and was as satisfactory to her as if he had done so, for this was a mutual arrangement, and under it appellee surrendered the notes.

The representations did not relate to her capacity to contract. It was known that she was a married woman. The representations related to the character of the contract, and as to the fact of her husband having the money with which to make payment of the note due to the appellee, or to pay over to the appellant Mrs. Wertz. These were facts within her knowledge. The facts in relation to the purpose for which she wanted the money at least was

Wertz *et al. v.* Jones.

exclusively within her knowledge, and the fact as to her husband having the money, the answer avers that she represented that he had, and none of the facts represented were such as the appellee is supposed to have any special knowledge other than the representations, and it is averred that he relied upon them, and was induced thereby to make the loan in good faith.

The representations are of such a character as it has been held by this court that the wife had the right to make, and that she will be bound by them, and estopped from denying the truthfulness thereof in order to overthrow the contract induced to be made by reason of such representations. *Ward* v. *Berkshire Life Ins. Co.*, 108 Ind. 301; *Bouvey, Guar.*, v. *McNeal*, 126 Ind. 541; *Maxon* v. *Lane*, 124 Ind. 592; *Cummings* v. *Martin*, 128 Ind. 20; *Security Co.* v. *Arbuckle*, 119 Ind. 69.

This paragraph of answer is sufficient to withstand a demurrer.

A demurrer was also filed to the third paragraph of answer, and overruled, and this ruling is the next alleged error assigned and discussed. This alleged all the facts alleged in the second, and, in addition, alleges that the husband paid over, or agreed to pay over, to his wife Louisa the money, and that the money was used in paying off liens and improving her separate real estate. This paragraph was clearly sufficient. It is shown that the wife received the benefit of the money; that it was paid out and used in accordance with the agreement, and for the purposes for which she represented she wanted it.

The next question presented relates to the ruling of the court in the overruling of the motion for a new trial. It is contended that the evidence does not support the finding. No good purpose will be subserved in taking up the evidence in detail and discussing it. We have read the

evidence sufficiently to be satisfied that there is some evidence to support the material averments of the second paragraph of the answer.

The evidence, it is true, is not very strong upon some points, but under the rule that this court will not weigh the evidence, and will not disturb a finding when there is some evidence reasonably tending to support the finding, we do not feel justified in interfering with the finding of the court. If Mr. Wertz did not in fact have the money at the time, there is nothing appearing in the evidence to justify this court in saying that the appellee knew that he did not, or that appellee did not rely upon the representations. The evidence fully supports the conclusion that appellee believed that he did have the money. If any fraud was practiced by reason of Mr. Wertz not having the money, the court might have reasonably come to the conclusion that the wife knew at the time whether or not her husband did in fact have the money. If she knew her husband did not have the money, and knew that appellee relied upon the representation that he did have it, and was entering into the contract and surrendering his note in the belief that he did have it, and was dealing in good faith with her, she was practicing a fraud upon the appellee in acquiescing in the representations made in her presence and allowing appellee to act upon representations which she knew to be false, and she could have disclosed the truth either by speaking or insisting upon the formal delivery of the money to appellee and from appellee to her.

If the evidence indicates that there was any collusion between any of the parties to the transaction, it would tend to show that such collusion was between the husband and wife rather than between the husband and appellee.

We do not wish to be understood as holding that by simply obtaining a written affidavit of a married woman as

to the object of the loan, or by procuring her to make representation for the purpose of estopping her, simply to avoid the law, the other contracting party engineering a scheme to entrap her, she would be estopped, or that he could avail himself of the estoppel.

Parties contracting with married women, and procuring liens upon the land, must act in good faith, as must she in procuring others to surrender rights which they possess. Nor do we intend to hold that parties can avoid the law by doing indirectly what the law forbids being done directly.

There is no such failure of proof as authorizes a reversal of the judgment.

Judgment affirmed.

