Filed Feb. 21, 1895.

———————————◆———————————

No. 17,196.

LeCoil v. Armstrong-Landon-Hunt Company.

Estoppel.—Married Woman.—Purchase of Real Estate in Husband's Name With Wife's Money.—Credit Given on Faith of Husband's Ownership.—Where the wife permits the title to land, purchased with her money, to remain in the name of her husband unquestioned, and permits him to procure credit on the faith of that title, and to thereby improve her property, she having knowledge of such facts, she is estopped to assert title in the land against those who had no notice or knowledge of any such claim or interest on her part, and who have acquired an interest (mechanic's lien) in the land on the faith of the husband's ownership.

From the Howard Circuit Court.

J. E. Moore, for appellant.

J. O'Brien and C. Wolf, for appellee.

Hackney, J.—The appellant sued her husband, Florent LeCoil, and the appellee to quiet the title to certain real estate, and alleged that she had furnished the

money to buy said real estate, and that her husband had, without her knowledge or consent, taken the title in his own name. The appellee was made a defendant to answer as to any interest in or lien upon the property.

The suit was dismissed as to Florent LeCoil, and the appellee answered that said Florent LeCoil, assuming the ownership of said real estate, contracted for the erection of a dwelling house; that in the construction of said house appellee furnished materials, and did labor upon said house, and within the proper time filed a mechanic's and material man's lien upon said property; that appellant knew, during all of said time, that the title to said property was in her husband, and that he was contracting for said impróvement; that appellee did not know of any claim of title by the appellant to said property, but in supplying said materials, and performing said labor, it relied upon the husband's ownership of said property as such ownership appeared from the record of the deed to him.

There are other allegations as to a prior foreclosure of said lien against the appellant and her husband, and a judgment against said Florent LeCoil for $200, the amount of said lien, and that subsequently the appellant procured a modification of the decree in said foreclosure proceeding so as to exempt her inchoate interest in said property from sale. Of these allegations we will give no consideration, since, in our judgment, the principal question arises upon those we have stated more in detail.

The circuit court overruled the appellant's demurrer to the answer, and appellant declined to plead further, but permitted judgment against her as upon default.

Upon a motion to dismiss the appeal, and as to the merits of the appeal, appellee's learned counsel urge that

the dismissal, in the lower court, of the suit as to Florent LeCoil, leaving in him the legal title to the land, gave the appellant no cause of action, and no right of appeal as against the appellee.

The appellant seeks to break the force of the proposition stated by filing in this court an affidavit in which it is shown that Florent LeCoil had conveyed the property to the appellant. Of the question so urged, and of that of the practice in amending the record by affidavit filed in this court, we make no decision, since, as we have said, the vital question of the rights of the parties may be determined upon the allegations of the answers stated by us in detail, and confessed by the demurrer and failure to plead over.

In the recent case of *Duckwall* v. *Kisner*, 136 Ind. 99, it was said: "There is no doubt, upon principle and the decisions of this court, that a married woman may be estopped by acts *in pais* in cases involving her equitable title to real estate. *Catherwood* v. *Watson*, 65 Ind. 576; *Gifford* v. *Bennett*, 75 Ind. 528; *Anderson* v. *Hubble*, 93 Ind. 590; *Kelley* v. *Fisk*, 110 Ind. 552; *Michener* v. *Bengel*, 135 Ind. 188; *Minnich* v. *Shaffer*, 135 Ind. 634.

"The rule applied in the cases cited is but the general rule that one may not stand by and permit another to invest on the strength of an adverse claim of title, or may not permit another to remain clothed with the *indicia* of ownership by which third persons are misled in their investments. Though such conduct is not in itself fraudulent, the law holds it a fraud, after such conduct, to deny the results which have flowed from such conduct. *Hirsch* v. *Norton*, *Admr.*, 115 Ind. 341; *Wisehart* v. *Hedrick*, 118 Ind. 341; *Maxon* v. *Lane*, 124 Ind. 592, and the numerous cases cited in each.

"The principle underlying the rule is that where one of two even innocent persons must suffer by the act of a

third, he must suffer whose conduct has made it possible to do the act.''

All that was there said applies to the present case. The case of *Minnich* v. *Shaffer, supra,* is, in principle, identical with the present.

That a married woman may be bound by estoppels *in pais* is now statutory. R. S. 1881, section 5117; R. S. 1894, section 6962; *Wertz* v. *Jones,* 134 Ind. 475.'

To permit the legal title to remain in the name of her husband unquestioned and to permit him to procure credit on the faith of that title and to thereby improve her property, she having knowledge of such facts, and then to uphold her claim of title against the creditor would be little less than dishonesty. To prevent such possible imposition the statute extending estoppels *in pais* to married women was enacted. The action of the circuit court in overruling the appellant's demurrer to the answer was not erroneous.

The judgment is, therefore, affirmed.

