Filed November 26, 1895.

## No. 17,583.

## PIERCE ET AL. *v.* HOWER ET AL.

142   626
153   185
153   654

ESTOPPEL.—*Married Woman.--Equitable Owner of Land.-- Legal Title in Husband.*--A married woman who is the equitable owner of a tract of land, the title to which she knows to be in her husband, is estopped to set up her ownership as against creditors of the husband, who gave the credit on the faith of his ownership of the land.

BURDEN OF PROOF.—*Action to Set Aside Conveyance as Fraudulent.*— Defendants in an action to set aside a conveyance as fraudulent have the burden of proving payment of judgment alleged in the complaint to be due and unpaid at the commencement of the action.

PLEADING.—*Complaint.—Action to Set Aside Conveyance as Fraudulent.—Husband and Wife.*—A complaint in an action to set aside as fraudulent a conveyance to the grantor's wife, alleging that at the time of the conveyance the latter knew of her husband's indebtedness and of his purpose to defraud his creditors, and that she received the conveyance with the purpose to aid him in such fraud, is sufficient without an allegation that there was no consideration.

SAME.—*Complaint.*—*To Set Aside a Conveyance as Fraudulent.*—A complaint in an action to set aside a conveyance as fraudulent, alleging that at the time of the said conveyance the grantor had no other property subject to execution, "nor has he had from the time of said conveyance until now, for the payment of said judgment," is sufficient, after judgment, to show that such grantor did not at the commencement of the action have sufficient property subject to execution to pay the claim.

TRUST.—*Married Woman.*—*Equitable Title to Land.*—*Deed in Husband's Name.*--A married woman is, as between herself and husband, the equitable owner of an entire tract of land purchased with the understanding that the deed should be taken in her name, on which she made a cash payment of one-fifth the purchase-price, and subsequently paid the balance, where the deed was taken in her husband's name without her knowledge and consent, although he alone signed the purchase-money notes and a mortgage on the land securing the same.

From the Wells Circuit Court.

*Sharp & Sturgis*, for appellants.

*J. K. Rinehart* and *M. W. Walbert*, for appellees.

HOWARD, J.—This was an action by the appellees to set aside as fraudulent a conveyance of real estate from the appellant, John S. Pierce, to his wife, the appellant, Sarah M. Pierce. The court found the conveyance fraudulent as to the undivided four-fifths of the land, and judgment was entered accordingly.

It is contended that each paragraph of the complaint is defective for want of an allegation that, at the time of the bringing of the action, the appellant John S. Pierce did not have sufficient property, subject to execution, to pay appellees' claim. The allegation made is, "That at the time of said conveyance, John S. Pierce had no property subject to execution, nor has he had, from the time of said conveyance until now, for the payment of said judgment." The allegation might, perhaps, have been more definite; but we think that the

meaning is sufficiently clear, that John S. Pierce had not, either at the time of the conveyance, or at any time since, or at the beginning of the action, sufficient property subject to execution to pay the debt. The complaint may have been subject to a motion to make more specific, but after the finding of the necessary facts, it may be considered sufficient in this particular.

It is further contended that the second paragraph is insufficient for want of an allegation that the conveyance was made from the husband to the wife without consideration. The paragraph, however, does allege that, at the time of the conveyance, Sarah M. Pierce knew of the fact of her husband's indebtedness, and of his purpose to defraud his creditors, and that she received the conveyance with such knowledge and with the purpose to aid him in the perpetration of such fraud. This was sufficient. *Roberts* v. *Farmers'*, etc., *Bank*, 136 Ind. 154, and cases cited.

It is also claimed that the court erred in its conclusions of law on the facts found.

From the special finding it appears, that the appellants are husband and wife; that the land in question was purchased with the wife's money, with the understanding by her that the deed should be taken in her name, but that it was taken in her husband's name, without her knowledge or consent; that a cash payment of one-fifth of the purchase-price was paid by her; that the remaining part of the purchase-price was evidenced by the promissory notes of her husband, secured by mortgage on the real estate, the husband alone signing the notes and mortgage; that all the purchase-price notes were paid by the wife out of her own money, but before making such payments she knew that the deed had been taken in her husband's name; that she always claimed to be the owner of the land, and frequently asked her

husband to deed the same to her, but that the deed remained on record in the husband's name, from August 11, 1875, to January 20, 1894, at which last date the deed here sought to be set aside was made from the husband to the wife ; that on October 1, 1881, John S. Pierce borrowed two hundred dollars from the school fund, giving as security his mortgage on said land, in which mortgage his wife joined, which mortgage debt was renewed by appellants on November 30, 1891 ; that in the spring and summer of 1893, at various dates named, John S. Pierce became indebted in the several sums, and to the persons, as the same are set out in the findings, representing to each of said persons that he was the owner in his own right of the said real estate ; that none of said persons had any knowledge that his wife had or claimed any interest therein ; that in May, 1893, the appellees, Godfrey and Frederick Ashbaucher, bought one of the notes, embracing a part of said indebtedness, for two hundred and thirty-six dollars, said note being signed by the appellant, John S. Pierce, and his brother as principals, and by the appellee, Benjamin F. Hower, as surety ; that at the time of the purchase of said note, John S. Pierce informed said Ashbauchers that he was the owner of said real estate in his own right, and they had no knowledge that his wife claimed any interest therein ; that on March 12th, 1894, Ashbauchers recovered judgment on said note against John S. Pierce and his brother, as principals, and the appellee, Hower, as surety, it being provided in the decree that the property of the Pierces should be exhausted before resorting to that of Hower ; that when John S. Pierce made to his wife the deed here sought to be set aside, January 20, 1894, she had full knowledge of the existence of the debt of her husband to the Ashbauchers, and that he would not have, and did not have, any property subject

to execution to pay said debt; that at the time of such conveyance neither John S. Pierce nor his brother had, nor has either of them since had any property subject to execution other than said land, out of which said debt might be paid; that the conveyance from John S. Pierce to his wife was without consideration, except as to the undivided one-fifth of said land, and as to the undivided four-fifths thereof was made with knowledge and purpose on the part of both to delay, hinder, and defraud appellees and other creditors of John S. Pierce.

The conclusions of law were: (1) That the appellant, Sarah M. Pierce, is the owner in fee simple of the undivided one-fifth of the land, and (2) that as to the undivided four-fifths the conveyance to her by her husband was fraudulent and should be set aside.

We think the facts found show that, as between John S. Pierce and his wife, she is the equitable owner of all the land in question, and that the deed of August 11, 1875, should have been made to her. The land was wholly paid for by her, and she was unwilling at any time that the title should be in her husband. The fact that her husband signed the purchase notes and mortgage is not material. The mortgage was on her land and she herself paid the notes.

The finding that as to the undivided four-fifths of the land, the deed by John S. Pierce to his wife was without consideration; was but a conclusion. The facts show that the land was all hers, and that as between her and her husband, his deed but gave her the legal title to that which in equity was already her own. All that is needed to make his deed to her absolutely good is the payment of the debts contracted by him in fraud of creditors while the legal title was in his name, she being estopped by her representations from now denying

as to such creditors the validity of the deed then held by him.  *Kitts* v. *Willson*, 140 Ind. 604.

The facts found show that for nearly eighteen years, or from the payment of the first purchase-money note, due August 11, 1876, until the deed in suit was made to her, January 20, 1894, Sarah M. Pierce knew that the deed to her land showed upon its face that the land was owned by her husband; and yet, during all this time, she suffered the title to remain on the public records in his name, joining also with him in the execution of mortgages upon the same as his land, thus representing to the whole world that the land belonged to him and not to her, and allowing innocent persons to become his creditors on the faith that he was, in reality, the owner of the land.

Of course, as to her husband and his heirs and devisees, she may still assert her title to all the real estate, but as against such creditors she is in equity estopped to set up her ownership of any of the land, except it be as to her inchoate interest in the undivided one-third thereof.

As well said by Judge Elliott, in *Hirsch* v. *Norton, Admr.*, 115 Ind. 341: "Where a party, by clothing another with all the legal *indicia* of ownership, enables him to mislead others, he, and not those who are misled by his acts, must be the sufferer.  If loss comes, the man who invested the debtor with the evidence of absolute title, and thus misled creditors, must bear it, and not the creditors.  The conclusion we assert involves little more than an application of the familiar general principle, that where one of two innocent persons must suffer by the act of a third, he must suffer who put it in the power of the third to do the act."  The case before us is even stronger; for Sarah M. Pierce is not an innocent party, but herself participated in the fraud against her

husband's creditors.   See further, *Minnich* v. *Shaffer*, 135 Ind. 634; *Le Coil.* v. *Armstrong-Landon-Hunt Co.*, 140 Ind. 256; 7 Am. and Eng. Ency. of Law, 12.

One of the contentions of counsel for appellant is, that the special findings are insufficient, for the reason that it is nowhere shown that John S. Pierce was indebted to appellees at the time of bringing this action.

It is shown that said appellant became indebted to various persons during the year 1893, and that the appellees reduced one of the debts to judgment March 12, 1894.

It was alleged in the complaint, that at the beginning of the action the debts were due and unpaid.   There was no answer of payment.   It was for the appellants to aver and prove payment, if payment were made. As said in *Hubler* v. *Pullen*, 9 Ind. 273:   "The complaint, it is true, ordinarily avers that the instrument sued on has not been paid; still, proof of that averment is not required, and, therefore, it is not put in issue by a general denial."   See, also, *Baker* v. *Kistler*, 13 Ind. 63.

The conclusions of law were more favorable to appellants than they were entitled to.

The judgment is affirmed.

Filed November 26, 1895.