## Stoner et al. *v.* American Trust Company.

[No. 11,801. Filed January 18, 1924. Rehearing denied April 22, 1924. Transfer denied June 27, 1924.]

1. Jury.—*Trial by.*—*Fraudulent Conveyance.*—*Statute.*—A suit to set aside a conveyance as fraudulent is a proceeding which, prior to June 18, 1852, belonged exclusively to equity jurisdiction, and, therefore, under the express provisions of the statute (§418 Burns 1914, §409 R. S. 1881), is not triable by jury. p. 639.

2. FRAUDULENT CONVEYANCE.—*Debtor May Prefer Wife as Creditor.*—A debtor may prefer one creditor to another, even if the creditor be his wife.   p. 639.

3. FRAUDULENT CONVEYANCES.—*Husband and Wife.*—*Wife Giving Husband Indicia of Ownership.*—Equity will not permit a wife to clothe her husband with the *indicia* of ownership to her land while he is obtaining credit on his apparent ownership of such land, and then claim the land as her own free from the consequences of the credit so extended.   p. 639.

4. FRAUDULENT CONVEYANCES.—*Wife Participating in Fraud of Husband.*—Where land was purchased with the wife's money, but the legal title was taken in the name of her husband, who borrowed money on the credit created by his holding the record title to such land and executed his notes therefor, a conveyance of such land from the husband to the wife, after the purchase of said notes by a trust company which relied on the fact that the record title of said land was in the husband, was fraudulent and void as to such purchaser, as the wife, by taking said deed, knowing her husband to be insolvent, participated in the fraud.   p. 639.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Suit by the American Trust Company against Jacob F. Stoner and his wife, Laura Etta Stoner, to set aside a conveyance as fraudulent. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Thad M. Talcott, Jr.,* and *Walter R. Arnold,* for appellants.

*Vitus G. Jones, Chester R. Montgomery* and *Roland Obenchain,* for appellee.

REMY, C. J.—Appellee, having recovered certain judgments against appellant Jacob F. Stoner, upon which executions were returned unsatisfied, commenced this suit against appellants to set aside as fraudulent a conveyance of real estate from Jacob F. Stoner to his wife and coappellant, Laura Etta Stoner, and to subject the real estate to the payment of the judgments. To the complaint, the defendants each answered by denial. Laura Etta Stoner also filed what she denomi-

nated a cross-complaint to quiet title to the real estate, making appellee and Jacob F. Stoner parties defendant. To the cross-complaint, Jacob F. Stoner filed a disclaimer, and appellee filed a demurrer which was sustained. Laura Etta Stoner refusing to plead further, judgment on her cross-complaint was taken against her. Requests for a jury trial by each of the appellants having been denied, the cause was submitted to the court for trial upon a statement of the facts stipulated by the parties, which stipulation is, in substance, as follows: On March 3, 1920, and April 2, 1921, respectively, appellant Jacob F. Stoner executed two promissory notes which were purchased by appellee before maturity, and on December 7, 1922, were by appellee reduced to judgments. At the time of the purchase of the notes, the title to the real estate described in the complaint was vested in Jacob F. Stoner, and continued so to be vested until December 30, 1921, when, by warranty deed, it was conveyed to his wife Laura Etta Stoner. The consideration named in the deed was $12,000, which was, at the time, the actual cash value of the real estate over and above a $2,600 mortgage thereon which had previously been executed by appellants. Appellee bank, at the time it purchased the notes, knew that the record title of the real estate was vested in Jacob F. Stoner, and, in making the purchase, relied thereon, but had no knowledge whatever of any claim to the real estate on the part of Laura Etta Stoner. At the time of the conveyance of the real estate to his wife, Jacob F. Stoner did not have, nor has he since had, sufficient property subject to execution to pay his debts. The father of Laura Etta Stoner, from time to time after her marriage, advanced to her sums of money which she loaned to her husband Jacob F. Stoner for the purpose of establishing a home and making a living, which money was never repaid. After

the death of her father, Laura Etta Stoner, in 1916, received an additional sum of money from her father's estate, and it was with this money that the real estate in controversy was purchased. At the time of the purchase, Laura Etta insisted that the title be taken in her name, but, upon objection by her husband, she consented that it be taken in his name. Laura Etta at all times knew of the notes held by appellee bank which had been executed by her husband, and remonstrated with him, and, after becoming alarmed about her husband's involvement in these and other obligations, she consulted an attorney to whom she said: "This property is really mine, he promised that he would preserve it for our home, and he is getting into a lot of obligations from which he is receiving nothing from the boys, and against my wishes. How can I secure myself now?" The attorney said: "If they ever get a judgment against Mr. Stoner, there will be liens on the real estate you cannot get away from; the thing to do before he becomes involved in any judgments is for him to convey it to you." Following this, on December 30, 1921, appellants had a settlement in the office of the attorney. It was found that appellant Jacob F. Stoner owed his wife a balance of $22,000, and he was prevailed upon by the attorney to execute the deed conveying to his wife the real estate in controversy. Besides conveying the real estate, he gave to his wife his promissory note for $10,000, due one year after date, which note has not been paid. The parties made the further stipulations, that—"upon the foregoing facts the parties pray the judgment of the court as to the law herein irrespective of any insufficiency of pleading by way of complaint or answer."

On the facts stipulated, the court found for the plaintiff, and, over a motion for a new trial, rendered judgment for plaintiff setting aside the conveyance as to

appellee, and subjecting the real estate to the payment of the judgments.

The important questions for consideration, and the only questions properly presented, arise on the alleged error of the trial court in overruling appellants' separate and several motions for a new trial. The reasons for a new trial are that the court erred in refusing to grant a trial by jury, that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

This suit is in the nature of what was formerly designated a judgment creditor's bill—a proceeding which, prior to June 18, 1852, belonged exclusively to equity jurisdiction, and is, therefore, not triable by jury. *Evans* v. *Nealis, Admr.* (1882), 87 Ind. 262; *Towns* v. *Smith* (1888), 115 Ind. 480, 16 N. E. 811; *Wild* v. *Noblesville Building, etc., Institution* (1899), 153 Ind. 5, 53 N. E. 944; §418 Burns 1914, §409 R. S. 1881.

1.

It is earnestly contended by appellants that, under the facts as stipulated, the conveyance by Jacob F. Stoner to his wife was in consideration of $12,000 which was paid by the cancellation of an old obligation, and that the conveyance amounted to nothing more than a good faith preference to his wife as a creditor, which preference he had a right to make. It is, of course, the law that a debtor may, in good faith, prefer one creditor to another, and this is true, though the creditor be the debtor's wife. If, therefore, the facts stipulated by the parties compel the conclusion that the conveyance of Jacob F. Stoner amounted to a good faith preference of his wife as his creditor, the contention of appellants must prevail. On the other hand, if the facts stipulated as the evidence in the case are sufficient to uphold the finding of the trial court, that the conveyance, as to appellee, was

2-4.

fraudulent, the judgment must be affirmed.   The stipu-
lation shows that the money which paid for the real
estate was the money of Laura Etta Stoner, money
which came to her from the estate of her father; and
that, according to her statement made to her attorney
shortly before the conveyance to her, the real estate
was, in fact, hers, though the title had, by her consent,
been placed in the name of her husband.   Under such
circumstances, the land, after it had been purchased
with her money, was the property of Laura Etta Stoner,
with the bare legal title in her husband.   The effect
of the deed, as between her and her husband, was but
the transfer of the legal title.   The attempted can-
cellation of $12,000 of the debt due from her husband
was without consideration.   Her claim to the owner-
ship of the land does not rest on the deed from her
husband, but upon the fact that she paid the purchase
price, and at all times treated it as her own with the
legal title in her husband in trust for her.   Under the
facts stipulated, Mrs. Stoner was insisting that the real
estate be conveyed to her, not in payment of a debt owed
to her by her husband, but because he held the title in
trust for her.   It also appears from the stipulation that
appellee purchased the notes in reliance upon the fact
that the record title was in Jacob F. Stoner.   If the
conveyance is not set aside as to appellee, the effect will
be to defeat the collection of appellee's claim by pre-
venting appellee from realizing satisfaction for the
credit extended to Jacob F. Stoner out of the land
which, under the facts stipulated, formed the basis
for such credit, the credit having been extended be-
cause appellee, by reason of the conduct of appellants,
was led to believe that the land was the property of
Jacob F. Stoner.   Equity will not permit a wife to
clothe her husband with the *indicia* of ownership to
her land while he is obtaining credit on his apparent

ownership of such land, and then claim the land as her own free from the consequences of the credit so extended. *Pierce* v. *Hower* (1895), 142 Ind. 626, 42 N. E. 223; *LeCoil* v. *Armstrong-Landon-Hunt Co.* (1895), 140 Ind. 256, 39 N. E. 922. See, also, *English* v. *Brown* (1914), 219 Fed. 248, 263. By taking the deed from her husband, Laura Etta Stoner participated in the fraud against her husband's creditors. *Pierce* v. *Hower, supra.* The evidence stipulated supports the decision of the trial court that, as to appellee, the conveyance was fraudulent, and that the real estate should be subjected to the payment of the judgments.

Affirmed.

Dausman, P. J., dissents.